UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

ABRUZZO DOCG INC. d/b/a
TARALLUCCI E VINO, et al.;

      Plaintiffs,

v.                                                                          Case No. 1:20-cv-04160-MKB-JO

ACCEPTANCE
INDEMNITY INSURANCE
COMPANY, et al.,

      Defendants.

---

### DEFENDANT ARCH INSURANCE COMPANY'S JOINDER IN MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO REMAND AND REQUEST FOR LIMITED DISCOVERY

Defendant Arch Insurance Company ("Arch"), by and through undersigned counsel, hereby submits this Joinder in Defendant Acceptance Indemnity Insurance Company's Memorandum in Opposition to Plaintiffs' Motion to Remand, and states as follows:

**A.**     **Joinder in Memorandum in Opposition to Plaintiffs' Motion to Remand.**

Arch adopts and incorporates by reference the legal arguments set forth in the Memorandum in Opposition to Plaintiffs' Motion to Remand filed by Defendant Acceptance Indemnity Insurance Company's (the "Opposition Memorandum"). The Plaintiffs are improperly joined under the doctrine of fraudulent misjoinder and fraudulent joinder. *See* Opposition Memorandum, Argument at Parts I & II.

This action involves 62 separate claims for insurance coverage by 94 separate insureds against 41 separate insurance companies. Counts 2 through 63 are for Breach of Contract by each separate insured against their separate, respective insurance carriers pursuant to their separate,

respective policies. Only one of these counts is directed to Arch. Count 13 is for Breach of Contract by City Winery LLC against Arch pursuant to a commercial property policy that Arch issued to City Winery LLC for the period April 1, 2019 to April 1, 2020, bearing policy number SNCMP0030602 (the "Arch Policy"). Am. Compl. ¶¶ 42, 262, 671-76 (Docs. 1-40, 1-41 & 1).

City Winery LLC is the only Plaintiff with an alleged right to relief and a claim against Arch. City Winery LLC is the only Plaintiff in this action insured under the Arch Policy, much less under a policy issued by Arch. No other Plaintiff claims any rights to relief under the Arch Policy or against Arch.

Further, the terms, conditions, and exclusions of the Arch Policy issued to City Winery LLC are not the same as the terms, conditions, and exclusions of the other Defendants' policies issued to the other Plaintiffs. Arch's coverage determination under the Arch Policy is a separate coverage determination from any other Defendants' coverage determinations under their policies. Further, the property insured under the Arch Policy issued to City Winery LLC is separate and distinct from the other Plaintiffs' property. Further, City Winery LLC's alleged losses are unique to City Winery LLC, as its business is separate and distinct from the other Plaintiffs' businesses.

The Court should sever City Winery LLC's claims against Arch into an individual action.

**B.      Request for Limited Jurisdictional Discovery.**

The Amended Complaint (Doc. 1-40, 1-41) and Plaintiffs' Local Rule 81.1 Statement (Doc. 80) fail to provide sufficient information about the citizenship of City Winery LLC to determine whether there is complete diversity between City Winery LLC and Arch.

A limited liability company takes the citizenship of its members. *Bayerische Landesbank, N.Y. Branch v. Aladdin Capital Mgmt. LLC,* 692 F.3d 42, 49 (2d Cir. 2012). If the members of an LLC are themselves LLCs, the citizenship of the LLC must be traced through the members to the

2

natural persons or corporate entities who are members. As one court phrased it, "[a] complaint premised upon diversity of citizenship must allege the citizenship of natural persons who are members of a limited liability company and the place of incorporation and principal place of business of any corporate entities who are members of the limited liability company." *250 Lake Ave. Assoc., LLC v. Erie Ins. Co.*, 281 F. Supp. 3d 335, 340 (W.D.N.Y. 2017) (quoting *New Millenium Capital Partners, III, LLC v. Juniper Grp. Inc.,* No. 10 CIV 46(PKC), 2010 WL 1257325, at *1 (S.D.N.Y. 2010)).

For diversity purposes, a corporation is considered a citizen of the state in which it is incorporated and the state of its principal place of business." *Bayerische*, 692 F.3d at 48 (citing 28 U.S.C. § 1332(c)(1)). In contrast, a person's citizenship depends on his domicile." *Davis v. Cannick*, 691 F. App'x 673, 673 (2d Cir. 2017). Domicile is not synonymous with residence. Domicile is "the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the *intention* of returning," *d'Amico Dry Ltd. v. Primera Mar. (Hellas) Ltd.*, 886 F.3d 216, 226 n.8 (2d Cir. 2018) (citations omitted).

The Amended Complaint did not identify the citizenship of City Winery LLC, Am. Compl. ¶ 42, and neither did the subsequent Local Rule 81.1 Statement filed by Plaintiff. (Doc. 68). Plaintiffs' Local Rule 81.1 states:

> Plaintiff City Winery LLC is a Delaware limited liability company. City Winery LLC is a citizen of at least California, Florida, Georgia, Illinois, Massachusetts, Michigan, New Jersey, New York, South Carolina, and Washington, D.C. because its members are residents, domiciliaries, and citizens of at least those states and jurisdictions for purpose of 28 U.S.C. § 1332. City Winery LLC is continuing to collect this information from its members and may supplement this statement.

Local Rule 81.1 Statement ¶ 10 (Doc. 68). This statement is insufficient. It does not identify the members of City Winery LLC and the citizenship of those members. Rather, the statement indicates that City Winery LLC is still collecting information.

Information regarding the members of City Winery LLC and the citizenship of its members is not publicly available. Declaration of Chelsea L. Goulet ¶ 3, attached hereto as Exhibit A. Therefore, following receipt of the Local Rule 81.1 Statement, Arch's counsel contacted Plaintiffs' counsel and requested documentation supporting the citizenship of City Winery LLC. *Id.* ¶ 4. Plaintiffs' counsel advised that they expected to respond to the request the week of October 19, 2020. However, to date, Arch's counsel has not received the requested documentation. *Id.*

Limited discovery is permitted to resolve fact issues bearing on the court's jurisdiction. *Cantor Fitzgerald, L.P. v. Peaslee,* 88 F.3d 152, 155 (2d Cir. 1996) ("Before passing on the plaintiffs' motion to remand, the court may have had to authorize further discovery . . ."); *Fein v. Chrysler Corp.,* No. CV-9804113, 1998 WL 34032284, at *9 (recognizing the need for jurisdictional discovery); *250 Lake Ave. Assoc., LLC*, 281 F. Supp. 3d at 341 (denying motion for remand and granting leave to file an amended notice of removal or, alternatively, a motion for limited jurisdictional discovery); *Golisano v. Turek,* No. 14-CV-6411-CJS, 2015 WL 423229, at *5 (W.D.N.Y. Feb. 2, 2015) (granting request for limited jurisdictional discovery on the issue of plaintiff's domicile).

Because Plaintiffs have failed to identify the citizenship of the members of City Winery LLC and the information on the members is not readily available, Arch respectfully requests that Court permit limited jurisdictional discovery to resolve whether there is complete diversity between City Winery LLC and Arch.

**C.      Conclusion.**

For the foregoing reasons, Arch respectfully requests that the Court deny Plaintiffs' motion for remand, sever City Winery LLC's claims against Arch into an individual action, and permit Arch to take limited jurisdictional discovery pertaining to the citizenship of City Winery LLC.

4

Dated: October 20, 2020  
New York, New York

Respectfully submitted,

**STROOCK & STROOCK & LAVAN LLP**

By: __/s/ Robert Lewin_____
Robert Lewin
180 Maiden Lane
New York, NY 10038
Telephone: 212-806-6627
Facsimile: 212-806-6006
Email: rlewin@stroock.com

*Counsel for Defendant Arch Insurance Company*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

ABRUZZO DOCG INC. d/b/a
TARALLUCCI E VINO, et al.;

       Plaintiffs,

v.

ACCEPTANCE
INDEMNITY INSURANCE
COMPANY, et al.,

       Defendants.

Case No. 1:20-cv-04160-MKB-JO

---

## **DECLARATION OF CHELSEA L. GOULET**

**Chelsea L. Goulet**, pursuant to 28 U.S.C. § 1746, declares the following to be true under penalty of perjury:

1.    I am an attorney duly admitted to practice in the State of New York and not a party to the above-captioned action.  I am an associate with the law firm of Stroock & Stroock & Lavan LLP, the attorneys of record for Defendant Arch Insurance Company ("Arch") in this insurance coverage dispute.  I have made an appearance in this action on behalf of Arch.  As such, I am familiar with the pleadings and proceedings in this matter.

2.    I submit this declaration in support of Arch's Joinder in Memorandum in Opposition to Plaintiffs' Motion to Remand and Request for Limited Discovery.

3.    In connection with the removal of this case, I researched the members of City Winery LLC and the citizenship of the members and learned this information is not publicly available.

4.        Following receipt of Plaintiffs' Local Rule 81.1 Statement, my colleague, Julie Nevins, contacted Plaintiffs' counsel and requested documentation supporting the citizenship of City Winery LLC.  Plaintiffs' counsel responded that they are expecting to respond to the request the week of October 19, 2020.  A copy of the email exchange between Ms. Nevins and Plaintiffs' counsel is attached hereto as Exhibit 1.  To date, we have not received the requested documentation.

Dated:  October 20, 2020

     /s/ Chelsea L. Goulet\
CHELSEA L. GOULET

# Exhibit 1

**Seawright, Melissa**

| | |
|---|---|
| **From:** | Ross, Michael W. <MRoss@jenner.com> |
| **Sent:** | Friday, October 16, 2020 3:46 PM |
| **To:** | Nevins, Julie E.; Creelan, Jeremy M.; Alderdice, Jacob D.; Ross, Jenna E. |
| **Cc:** | Besvinick, Laura E.; Lewin, Robert |
| **Subject:** | [EXTERNAL] RE: Abruzzo v. Acceptance, 1:20-cv-04160 - City Winery/Arch Insurance |

Julie,

We are working on this and expecting to get you information next week.

Thanks,
Michael

**From:** Nevins, Julie E. <jnevins@stroock.com>
**Sent:** Friday, October 16, 2020 3:37 PM
**To:** Ross, Michael W. <MRoss@jenner.com>; Creelan, Jeremy M. <JCreelan@jenner.com>; Alderdice, Jacob D. <JAlderdice@jenner.com>; Ross, Jenna E. <JRoss@jenner.com>
**Cc:** Besvinick, Laura E. <lbesvinick@stroock.com>; Lewin, Robert <rlewin@stroock.com>
**Subject:** RE: Abruzzo v. Acceptance, 1:20-cv-04160 - City Winery/Arch Insurance

External Email – Exercise Caution

Michael:

Please advise when we can expect a response.

Thank you.

**Julie Nevins**
Special Counsel

**STROOCK**

200 South Biscayne Boulevard, Suite 3100, Miami, FL 33131
D: 305.789.9380

jnevins@stroock.com | vCard | www.stroock.com

**From:** Ross, Michael W. <MRoss@jenner.com>
**Sent:** Wednesday, October 14, 2020 7:52 PM
**To:** Nevins, Julie E. <jnevins@stroock.com>; Creelan, Jeremy M. <JCreelan@jenner.com>; Alderdice, Jacob D. <JAlderdice@jenner.com>; Ross, Jenna E. <JRoss@jenner.com>
**Cc:** Besvinick, Laura E. <lbesvinick@stroock.com>; Lewin, Robert <rlewin@stroock.com>
**Subject:** [EXTERNAL] RE: Abruzzo v. Acceptance, 1:20-cv-04160 - City Winery/Arch Insurance

Julie,

We are considering / working on your request and will get back to you.

Thanks,

Michael

---

**From:** Nevins, Julie E. <jnevins@stroock.com>
**Sent:** Tuesday, October 13, 2020 6:24 PM
**To:** Ross, Michael W. <MRoss@jenner.com>; Creelan, Jeremy M. <JCreelan@jenner.com>; Alderdice, Jacob D. <JAlderdice@jenner.com>; Ross, Jenna E. <JRoss@jenner.com>
**Cc:** Besvinick, Laura E. <lbesvinick@stroock.com>; Lewin, Robert <rlewin@stroock.com>
**Subject:** Abruzzo v. Acceptance, 1:20-cv-04160 - City Winery/Arch Insurance

External Email – Exercise Caution

Counsel:

We represent Arch Insurance Company in the referenced case . Plaintiffs' Local Rule 81.1 Statement states that "City Winery LLC is a citizen of at least California, Florida, Georgia, Illinois, Massachusetts, Michigan, New Jersey, New York, South Carolina, and Washington D.C." and that "City Winery LLC is continuing to collect this information from its members and may supplement this statement."

Please advise whether City Winery will provide documents that support the Rule 81.1 statements about its citizenship, such as documents that identify and reflect the citizenship of City Winery's members?

Thank you.


**Julie Nevins**
Special Counsel

**STROOCK**

200 South Biscayne Boulevard, Suite 3100, Miami, FL 33131
D: 305.789.9380

jnevins@stroock.com | vCard | www.stroock.com

---

**Michael W. Ross**

**Jenner & Block LLP**
919 Third Avenue, New York, NY 10022-3908  |  jenner.com
+1 212 891 1669 | TEL
+1 516 423 9376 | MOBILE
+1 212 909 0840 | FAX
MRoss@jenner.com
Download V-Card  |  View Biography

CONFIDENTIALITY WARNING: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.