UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

ABRUZZO DOCG INC. d/b/a
TARALLUCCI E VINO, et al.;

        Plaintiffs,

v.

ACCEPTANCE
INDEMNITY INSURANCE
COMPANY, et al.,

        Defendants.

Case No. 1:20-cv-04160-MKB-JO

---

## DEFENDANT ARCH SPECIALTY INSURANCE COMPANY'S JOINDER TO ACCEPTANCE INDEMNITY INSURANCE COMPANY'S BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION TO REMAND

Defendant Arch Specialty Insurance Company ("Arch Specialty"), by and through its attorneys, Zelle LLP, files this Joinder to Acceptance Indemnity Insurance Company's Brief in Opposition to Plaintiff's Motion to Remand.

**A.  Joinder in Memorandum in Opposition to Plaintiffs' Motion to Remand**

Arch Specialty adopts and incorporates by reference Acceptance Indemnity Insurance Company's Brief in Opposition to Plaintiff's Motion to Remand (the "Acceptance Brief"). Arch Specialty restates and incorporates by reference the legal arguments set forth in the Acceptance Brief, and for the sake of brevity, Arch Specialty will not repeat those legal arguments and authority in this memorandum. The Plaintiffs are improperly joined under the doctrine of fraudulent misjoinder and fraudulent joinder. *See* Opposition Memorandum, Argument at Parts I & II.

1

On August 25, 2020, 94 Plaintiffs filed their Amended Complaint against Arch Specialty and 40 other insurance companies in Kings County Supreme Court, New York, Index No. 514089/2020. (Docs. 1-40 & 1-41). This action involves 62 separate claims for insurance coverage by 94 separate insureds. *Id.* Arch Specialty insures only five of the Plaintiffs in this lawsuit: 135 West B Food & Drink, LLC dba Tiny's ("Tiny's"), 77 Warren Foods, LLC dba Warren 77, ("Warren 77"), AEMAL, LLC dba Yves ("Yves"), No Moore Oysters, LLC dba Smith & Mills ("Smith & Mills"), and Yves, LLC dba Holy Ground ("Holy Ground" and jointly referred to as the "Arch Specialty Insureds"). *Id.*

The Arch Specialty Insureds were all insured parties under one insurance contract issued by Arch Specialty (Doc. 1-58) and all assert claims arising out of or related to that insurance contract. (Docs. 1-40 & 1-41). None of the Arch Specialty Insureds make any claims against any other defendant in this lawsuit, and none of the other Plaintiffs make any claims against Arch Specialty. *Id.* No other Plaintiff claims any rights to relief under the Arch Specialty policy or against Arch Specialty. *Id.*

Further, each of the 62 different claims arise out of unique insurance policies that contain differing terms, conditions, and exclusions. Some of the policies contain virus exclusions, some contain microorganism exclusions, and others contain contamination exclusions. For example, the policy issued to the Arch Specialty Insureds contains an exclusion that specifically excludes coverage for loss or damage caused by a virus. (Doc. 1-58). In the absence of severance, the Court will be required to carefully examine each of the insurance policies issued by the 41 insurers and determine how the terms, conditions, and exclusions in each policy respond to the unique facts underpinning each of the 94 plaintiffs' claimed loss. Further, the properties insured under the Arch Specialty policy issued to the Arch Specialty Insureds, and the business operations conducted

thereon, are separate and distinct from the other Plaintiffs. Finally, although each of the 94 plaintiffs' claimed loss arises out the COVID-19 virus, the facts and circumstances of each plaintiffs' claimed loss are quite different. For example, just looking at the claims asserted by the Arch Specialty Insureds, Plaintiffs allege that Yves, Tiny's and Smith & Mills have reopened for outdoor dining. (Doc. 1-41 at ¶ 468). Warren 77 and Holy Ground have not reopened in any capacity. *Id.* The Court should sever the Arch Specialty Insureds' claims against Arch Specialty into an individual action.

**B.    Request for Limited Jurisdictional Discovery**

The Amended Complaint (Docs. 1-40, 1-41) and Plaintiffs' Local Rule 81.1 Statement (Doc. 80) fail to provide sufficient information about the citizenship of Yves, LLC, 135 West B Food & Drink, LLC, and No Moore Oysters, LLC to determine whether there is complete diversity between Yves, LLC, 135 West B Food & Drink, LLC, and No Moore Oysters, LLC and Arch Specialty.

A limited liability company takes the citizenship of its members. *Bayerische Landesbank, N.Y. Branch v. Aladdin Capital Mgmt. LLC,* 692 F.3d 42, 49 (2d Cir. 2012). If the members of an LLC are themselves LLCs, the citizenship of the LLC must be traced through the members to the natural persons or corporate entities who are members. As one court phrased it, "[a] complaint premised upon diversity of citizenship must allege the citizenship of natural persons who are members of a limited liability company and the place of incorporation and principal place of business of any corporate entities who are members of the limited liability company." *250 Lake Ave. Assoc., LLC v. Erie Ins. Co.*, 281 F. Supp. 3d 335, 340 (W.D.N.Y. 2017) (quoting *New Millenium Capital Partners, III, LLC v. Juniper Grp. Inc.,* No. 10 CIV 46(PKC), 2010 WL 1257325, at *1 (S.D.N.Y. 2010)).

For diversity purposes, a corporation is considered a citizen of the state in which it is incorporated and the state of its principal place of business." *Bayerische*, 692 F.3d at 48 (citing 28 U.S.C. § 1332(c)(1)). In contrast, a person's citizenship depends on his domicile." *Davis v. Cannick*, 691 F. App'x 673, 673 (2d Cir. 2017). Domicile is not synonymous with residence. Domicile is "the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the *intention* of returning," *d'Amico Dry Ltd. v. Primera Mar. (Hellas) Ltd.*, 886 F.3d 216, 226 n.8 (2d Cir. 2018) (citations omitted).

The Amended Complaint does not identify the citizenship of Holy Ground, Tiny's and Smith & Mills (Doc 1-40 at ¶¶ 78, 102 115), and neither does the subsequent Local Rule 81.1 Statement filed by Plaintiffs. (Doc. 68). Plaintiffs' Local Rule 81.1 states in pertinent part:

> Plaintiff Yves, LLC d/b/a Holy Ground is a New York limited liability company. Yves, LLC is a citizen of at least California, New Jersey, and New York because its members are residents, domiciliaries, and citizens of at least those states for purposes of 28 U.S.C. § 1332. Yves, LLC is continuing to collect this information from its members and may supplement this statement.

***

> Plaintiff 135 West B Food & Drink, LLC d/b/a Tinys is a New York limited liability company. 135 West B Food & Drink, LLC is a citizen of at least Florida, New Jersey, and New York because its members are residents, domiciliaries, and citizens of at least those states for purposes of 28 U.S.C. § 1332. 135 West B Food & Drink, LLC is continuing to collect this information from its members and may supplement this statement.

***

> Plaintiff No Moore Oysters, LLC d/b/a Smith & Mills is a New York limited liability company. No Moore Oysters, LLC is a citizen of California, Florida, New Jersey, and New York because its members are residents, domiciliaries, and citizens of those states for purposes of 28 U.S.C. § 1332.

***

(Doc. 68 at ¶¶ 46, 71 84).  This statement is insufficient, as it fails to identify the members of Holy Ground, Tiny's and Smith & Mills and the citizenship of those members.

Information regarding the members of Holy Ground, Tiny's and Smith & Mills and the citizenship of its members is not publicly available. *See* Declaration of Isabella Stankowski-Booker at ¶¶ 4-6, attached hereto as Exhibit 1. Following receipt of the Local Rule 81.1 Statement, Arch Specialty's counsel contacted Plaintiffs' counsel and requested documentation supporting the citizenship of Holy Ground, Tiny's and Smith & Mills.  *Id.* at ¶ 7. To date, Arch Specialty's counsel has not received the requested information. *Id.*

Limited discovery is permitted to resolve fact issues bearing on the court's jurisdiction. *Cantor Fitzgerald, L.P. v. Peaslee,* 88 F.3d 152, 155 (2d Cir. 1996) ("Before passing on the plaintiffs' motion to remand, the court may have had to authorize further discovery . . ."); *Fein v. Chrysler Corp.,* No. CV-9804113, 1998 WL 34032284, at *9 (recognizing the need for jurisdictional discovery); *250 Lake Ave. Assoc., LLC*, 281 F. Supp. 3d at 341 (denying motion for remand and granting leave to file an amended notice of removal or, alternatively, a motion for limited jurisdictional discovery); *Golisano v. Turek,* No. 14-CV-6411-CJS, 2015 WL 423229, at *5 (W.D.N.Y. Feb. 2, 2015) (granting request for limited jurisdictional discovery on the issue of plaintiff's domicile).

Because Plaintiffs have failed to identify the citizenship of the members of Holy Ground, Tiny's and Smith & Mills, and the information on the members is not readily available, Arch Specialty respectfully requests that Court permit limited jurisdictional discovery to resolve whether there is complete diversity between Holy Ground, Tiny's and Smith & Mills and Arch Specialty.

**WHEREFORE**, Defendant Arch Specialty Insurance Company respectfully requests that the Court deny Plaintiffs' motion for remand, sever the Arch Specialty Insureds' claims against Arch Specialty into an individual action, and permit Arch Specialty to take limited jurisdictional discovery pertaining to the citizenship of Holy Ground, Tiny's and Smith & Mills, and grant such other and further relief as the Court deems just, equitable and proper.

Respectfully submitted,

Dated: October 20, 2020
      New York, New York

**ZELLE LLP**

*Isabella Stankowski-Booker*
Isabella Stankowski-Booker, Esq.
45 Broadway, Suite 920
New York, New York 10006
Tel.: (646) 876-4411

-and-

Kristin C. Cummings, Esq. (*pro hac* forthcoming)
M. Paige Tackett, Esq. (*pro hac* forthcoming)
901 Main Street; Suite 4000
Dallas, Texas 75202

**ATTORNEYS FOR DEFENDANT ARCH SPECIALTY INSURANCE COMPANY**

### CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of October, 2020, a true and correct copy of the foregoing document was served via email to:

Jeremy M. Creelan
Michael W. Ross
Seth H. Agata
Jenna E. Ross
Jacob D. Alderice
JENNER & BLOCK LLP

919 Third Avenue, 38th Floor
New York, New York 10022
Phone: (212) 891-1678

**ATTORNEY FOR PLAINTIFFS**

4821-7826-8623v3