UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ABRUZZO DOCG INC. d/b/a TARALLUCCI E VINO, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ACCEPTANCE INDEMNITY INSURANCE COMPANY, et al., <br><br> Defendants. | CIVIL ACTION NO. 1:20-cv-04160-MKB-JO |

**FIRST MERCURY INSURANCE COMPANY'S JOINDER IN DEFENDANTS' MOTION TO SEVER AND OPPOSITION TO PLAINTIFFS' MOTION TO REMAND**

NOW COMES, Defendant, First Mercury Insurance Company ("First Mercury"), by and through its undersigned counsel, Kennedys CMK LLP, for their joinder in Defendants Chubb Custom Insurance Company and Indemnity Insurance Company of North America's Motion to Sever and in Defendant Acceptance Indemnity Insurance Company's Opposition to Plaintiffs' Motion to Remand, stating as follows:

1. On October 20, 2020, Defendants Chubb Custom Insurance Company and Indemnity Insurance Company of North America (collectively, the "Moving Insurers") filed a Motion to Sever those claims of their respective insureds from the claims asserted by the other ninety-two (92) Plaintiffs, based on fraudulent and/or improper joinder. More specifically, the Moving Insurers seek severance because the claims asserted by their insureds do not arise out of the same transaction or occurrence, and because there is no common question of law or fact common to all of the Plaintiffs' claims. At the very least, it is

respectfully submitted that, pursuant to Rule 21, the Court to exercise its discretion to sever claims.

2. On October 20, 2020, Defendant Acceptance Indemnity Insurance Company ("Acceptance") filed an Opposition to Plaintiffs' Motion to Remand on the basis that Plaintiffs misjoined 62 separate claims of 95 Plaintiffs against 41 Defendants to frustrate Defendants' right of removal and the Court should maintain Defendants' right of removal based on diversity jurisdiction.

3. First Mercury issued individual insurance policies to four (4) separate and distinct insureds and thus has a similar interest in the outcome of the Motion to Sever and Motion to Remand, and supports the arguments raised in support of severance and in opposition to remand.

4. For the avoidance of any doubt, First Mercury joins and incorporates the factual and legal arguments set forth in the Moving Insurers' Motion to Sever and in Acceptance's Opposition to Plaintiffs' Motion to Remand, as if set forth more fully herein and, for the reasons stated therein, requests that this Court deny Plaintiffs' Motion to Remand and sever the claims between First Mercury and its insureds, Plaintiffs Emporium Oakland LLC, Le-Se Amsterdam 732 Restaurant, Inc. d/b/a Dive Bar, Seinfeld Squared LLC d/b/a Dive Bar 106, and Three Hooples, Ltd. d/b/a Broadway Dive Bar (collectively, the "First Mercury Insureds").

5. Le-Se Amsterdam 732 Restaurant, Inc. d/b/a Dive Bar and Three Hooples, Ltd. d/b/a Broadway Dive Bar are New York corporations and Seinfeld Squared LLC d/b/a Dive Bar 106 is a New York limited liability company, each with their principal place of business

in New York, New York. See Plaintiffs' Amended Complaint at ¶¶ 69, 88, 96. (ECF Nos. 1-40 and 1-41).

6. Moreover, Emporium Oakland LLC is a California limited liability company with its principal place of business in Oakland, California. Id. at ¶ 44.

7. First Mercury is a Delaware corporation with this principal place of business in Michigan. Id. at ¶ 138 (*See also*, ECF No. 75 at ¶ 7).

8. Thus, there is complete diversity of citizenship between First Mercury and the First Mercury Insureds.

9. First Mercury issued Policy No. FMEV112745 to Le-Se Amsterdam 732 Restaurant, Inc. d/b/a Dive Bar, for the policy period November 9, 2019 to November 9, 2020. Id. at ¶ 292.

10. First Mercury issued Policy No. FMEV111467 to Seinfeld Squared LLC d/b/a Dive Bar 106, for the policy period April 23, 2019 to April 23, 2020. Id.

11. First Mercury issued Policy No. FMEV112500 to Three Hooples, Ltd. d/b/a Broadway Dive Bar, for the policy period September 25, 2019 to September 25, 2020. Id.

12. First Mercury issued Policy No. FMEV112179 to Emporium Oakland LLC d/b/a Emporium Oakland, for the policy period July 31, 2019 to July 31, 2020. Id.

13. Each of First Mercury policies at issue provides Business Income and Extra Expense coverage in excess of $75,000 and thus, because the First Mercury Insureds claim that they have sustained "substantial covered losses" under the policies, the amount in controversy exceeds $75,000.

14. In addition, with respect to severance, there are no common questions of law or fact that arise between the any of the Plaintiffs claims against the Defendants. Indeed, even

the four claims asserted by the First Mercury Insureds against First Mercury concern different policies and different losses. In the case of Emporium Oakland LLC, its claims against First Mercury also arise out of different governmental orders.

15. Although Le-Se Amsterdam 732 Restaurant, Inc. d/b/a Dive Bar, Seinfeld Squared LLC d/b/a Dive Bar 106, and Three Hooples, Ltd. d/b/a Broadway Dive Bar have grouped their claims together in the pleadings, there is no relationship (nor is one alleged) between the entities other than the fact that they operate "dive bars" in the Upper West Side neighborhood of New York City. Id. at ¶¶ 284-294.

16. Furthermore, the First Mercury Insureds are the only Plaintiffs who have asserted claims against, and seek relief from, First Mercury. Id. at ¶¶ 653-658; 695-700; 707-712; and 725-730.

17. As established, the claims against First Mercury should not be remanded and should be severed. For these reasons, First Mercury joins in the Motion to Sever and in the Opposition to Remand.

Dated:   October 20, 2020
         New York, New York

                                         Respectfully submitted,

                                         KENNEDYS CMK LLP

                                   By:   /s/ Joanna L. Young
                                               Joanna L. Young
                                               *Attorneys for Defendant*
                                               *First Mercury Insurance Company*
                                               570 Lexington Avenue, 8th Floor
                                               New York, New York 10022
                                               joanna.young@kennedyslaw.com
                                               (646) 625-3973 (*phone*)

To: All Parties Via ECF