UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ABRUZZO DOCG INC. d/b/a TARALLUCCI E VINO, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ACCEPTANCE INDEMNITY INSURANCE COMPANY, et al.,<br><br>Defendants. | Case No.: 1:20-cv-04160-MKB-JO |

## HDI GLOBAL INSURANCE COMPANY'S JOINDER WITH DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO REMAND

Defendant HDI Global Insurance Company ("HDI") hereby joins Defendants' Opposition to Plaintiffs' Motion to Remand (the "Opposition").

## THERE IS COMPLETE DIVERSITY BETWEEN HDI AND ITS INSURED AND THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

HDI is an insurance carrier incorporated under the laws of the State of Illinois, with its principal place of business in Illinois. (Doc 1-40 at ¶ 86). Plaintiff, 1395 Second Avenue Restaurant LLC, is a New York limited liability company with its principal place of business in New York, NY. (Doc 1-40 at ¶ 75). The sole basis for the only claim against HDI in this matter is the insurance policy HDI issued to Plaintiff 1395 Second Avenue Restaurant LLC (Doc 1-40 at ¶ 243). No other contractual relationship with HDI is alleged by any other Plaintiff.

Although the Amended Complaint does not quantify the amount of damages that Plaintiff 1395 Second Avenue Restaurant LLC seeks in connection with its claim, the applicable policy limit for the policy that HDI issued to it is in excess of $75,000. Accordingly, the diversity requirements articulated under 28 U.S. § 1332 are satisfied.

## HDI JOINS IN THE ARGUMENTS MADE IN THE OPPOSITION

The Opposition correctly sets forth the arguments as to why this case has been properly removed based on diversity jurisdiction under 28 U.S. § 1441 and should not be remanded. Because HDI is completely diverse from the single Plaintiff bringing a claim against it, all of the arguments against remand set forth in the Opposition apply equally to HDI. Specifically, HDI joins in the following arguments in the Opposition, including all sub-arguments, precedent cited, and other points made thereto:

- Fraudulent Misjoinder Applies to Defeat Remand
- Fraudulent Joinder Applies to Defeat Remand

## CONCLUSION

For the reasons stated above and cited in the Opposition, the Court should deny Plaintiffs' Motion to Remand, sever the action between Plaintiff 1395 Second Avenue Restaurant LLC and HDI, and maintain HDI's right of removal based on diversity jurisdiction.

Dated: October 20, 2020

Respectfully submitted,

**Mound Cotton Wollan & Greengrass LLP**

By:  /s/ *Philip C. Silverberg*
     Philip C. Silverberg
     One New York Plaza
     New York, NY 10004
     Email: psilverberg@moundcotton.com