UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ESS-A-BAGEL, INC. d/b/a/ ESS-A-BAGEL, *et al*., <br><br> Plaintiffs, <br><br> v. <br><br> OHIO SECURITY INSURANCE COMPANY, *et al*., <br><br> Defendants. | Case No. 1:20-cv-04160-MKB-JO |

**OHIO SECURITY INSURANCE COMPANY'S
JOINDER IN DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTION TO REMAND**

Defendant Ohio Security Insurance Company hereby joins in, adopts, relies upon, and incorporates herein by reference Defendants' Opposition to Plaintiffs' Motion to Remand served by Acceptance Indemnity Insurance Company on October 20, 2020 (the "Opposition").

In addition to the grounds, arguments, and authorities set forth in the Opposition, Ohio Security states that it is a New Hampshire corporation with a principal place of business in Massachusetts. The only plaintiff insured by Ohio Security is Ess-a-Bagel, 883 Sixth Avenue, LLC, a New York limited liability company with a principal place of business in New York, whose member(s), upon information and belief, are New York residents. See Plaintiffs' Local Rule 81.1 Statement, at p. 3, ¶15. Therefore, complete diversity exists between and among Ohio Security and the only plaintiff with potential claims against it.

Ohio Security further states that denial of the plaintiffs' motion to remand is appropriate notwithstanding the lack of complete diversity between and among all plaintiffs and defendants

1

because the parties and claims have been fraudulently misjoined. Fraudulent misjoinder exists, rendering it appropriate for the court to disregard the citizenship of non-diverse parties, where "the claims asserted by or against the non-diverse party who is joined lack a sufficient factual nexus to the case to support joinder under applicable rules of procedure." See In re Propecia (Finasteride) Prod. Liab. Litig., No. 12-cv-2049, 2013 WL 3729570, at *4 (E.D.N.Y. May 17, 2013), citing Fed. R. Civ. P. 20(a). This Court has consistently held that, in the insurance context, claims made under different insurance policies, denied for different reasons, concerning different properties, and/or related to different alleged loss or damage "lack a sufficient factual nexus to support joinder" notwithstanding that the claims arose out of the same event and involve a single insurer defendant.[1] Accordingly, in the present action, which involves claims by ninety-two plaintiffs against forty-one insurer defendants and implicates dozens of unrelated policies, properties, and alleged losses, as well the laws of numerous states, the plaintiffs' motion to remand should be denied on the basis of fraudulent misjoinder.

    WHEREFORE, Ohio Security requests that the Court deny Plaintiffs' Motion to Remand

---

[1] E.g., Dolan v. Safeco Ins. Co. of Indiana, 297 F.R.D. 210, 212 (E.D.N.Y 2014); Dante v. Nat'l Flood Ins. Program, No. 13–CV–6207, 2013 WL 6157182, at *2 (E.D.N.Y. Nov. 22, 2013).

37138805.3

ROBINS KAPLAN LLP

_/s/ Meegan F. Hollywood_
Meegan F. Hollywood
399 Park Avenue, Suite 3600
New York, NY 10022
Telephone:  (212) 980 7400
Facsimile:   (212) 980 7499
Email: MHollywood@robinskaplan.com

Matthew M. Burke, Esq. (*pro hac* vice motion forthcoming)
ROBINS KAPLAN LLP
800 Boylston Street, Suite 2500
Boston, MA 02199
Telephone:  (617) 859-2711
Facsimile:   (617) 267-8288
MBurke@robinskaplan.com

***Attorneys for Defendant Ohio Security Insurance Co.***

## CERTIFICATE OF SERVICE

I, Meegan F. Hollywood, hereby certify that on this day, I electronically filed the within document with the Clerk of the Court using the CM/ECF system that will send notification of such filing(s) to all counsel of record.  The document is available for viewing and downloading through the ECF system.

Dated:  October __, 2020              _/s/ Meegan F. Hollywood_
                                      Meegan F. Hollywood

-3-