UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ABRUZZO DOCG INC. d/b/a TARALLUCCI E VINO, et al.,<br><br>　　Plaintiffs,<br><br>　　　　v.<br><br>ACCEPTANCE INDEMNITY INSURANCE COMPANY, et al.,<br><br>　　Defendants. | Civil Action No. 1:20-cv-04160-MKB-JO |

**SUPPLEMENTAL BRIEF BY SCOTTSDALE INSURANCE COMPANY IN OPPOSITION TO PLAINTIFFS' MOTION TO REMAND, AND IN SUPPORT OF ITS MOTION TO SEVER**

Defendant Scottsdale Insurance Company ("Scottsdale"), by and through its undersigned counsel, submits this brief in opposition to Plaintiffs' motion to remand, and in support of Scottsdale's motion to sever. In addition to the arguments contained herein, Scottsdale joins in the arguments in opposition to Plaintiffs' motion to remand filed by Acceptance Indemnity Insurance Company ("Acceptance"), and adopts and relies on the legal arguments presented in the motion to sever filed by Chubb Custom Insurance Company and Indemnity Insurance Company of North America ("Chubb"). Scottsdale provides the following additional support for why the claims asserted against it by The Ribbon Worldwide LLC ("Ribbon Worldwide") should be severed from all other claims asserted by the other Plaintiffs in the amended complaint, and should not be remanded.

**BACKGROUND**

Scottsdale issued a commercial property policy with business income coverage to Ribbon Worldwide under policy number CPS2806548 for the period of May 15, 2019 to May 15, 2020

(the "Scottsdale Policy").  See Declaration of Jeffrey A. Beer Jr., Esq. dated October 20, 2020, Exhibit A.  The Scottsdale Policy provides certain business income coverage for a single restaurant located at 20 W. 72nd St., New York, NY 10023.  See id. at SIC0064.

The business income coverage is subject to the "Special Covered Cause of Loss" form, endorsement CP 1030 (09/17).  See id. at SIC0041.  The CP 1030 excludes from the definition of "covered cause of loss" "[d]elay, loss of use, or loss of market" and "[a]cts or decisions . . . of any . . . governmental body."  See id. at SIC0043-44.  The Scottsdale Policy also contains the CP 0140 (07/06 ed.) endorsement, which excludes from coverage "loss or damage caused by or resulting from any virus . . . ."  See id. at SIC0055.

## THE CLAIMS AGAINST SCOTTSDALE SHOULD BE SEVERED

For the reasons discussed in Defendants' joint submissions, the claims asserted by Ribbon Worldwide against Scottsdale should be severed from the claims of the other 94 Plaintiffs against the other 40 Defendants.  Ribbon Worldwide is the only Plaintiff that has any relationship with Scottsdale.  No other Plaintiff has asserted claims against Scottsdale; nor is there any basis for any other Plaintiff to assert claims against Scottsdale.  Additionally, Ribbon Worldwide has not asserted, and upon information and belief has no basis to assert, any claims against any other Defendant.

Accordingly, as set forth in more detail in the brief submitted by Chubb, which Scottsdale adopts and incorporates here, the claims of other Plaintiffs against other Defendants should be severed from the claims against Scottsdale.  The claims by other Plaintiffs against other Defendants do not arise out of the same transaction or occurrence, *and* do not concern a common question of law or fact, both of which are required for joinder to be proper.  See Fed. R. Civ. P. 20(a)(2); see also New York CPLR 1002(b).

2

Indeed, severance is proper under Fed. R. Civ. P. 21 when any one of the following conditions are present. "[1] settlement of the claims or judicial economy would be facilitated;" "[2] prejudice would be avoided if severance were granted;" or "[3] different witnesses and documentary proof are required for the separate claims." Crown Cork & Seal Co., Inc. Master Retirement Trust v. Credit Suisse First Boston Corp., 288 F.R.D. 331, 333 (S.D.N.Y. 2013) (citation omitted). Because each of these factors weighs heavily in favor of severance, the Court should grant Scottsdale's motion to sever.

## THE CLAIMS AGAINST SCOTTSDALE SHOULD NOT BE REMANDED

On September 4, 2020, Acceptance filed a notice of removal pursuant to 28 U.S.C. §§ 1332, 1441(a), and Rule 81 of the Federal Rules of Civil Procedure. See Dkt. No. 1. Scottsdale joined in the removal by notice filed September 30, 2020. See Dkt. No. 77.

The claims asserted against Scottsdale should not be remanded. There is complete diversity between Scottsdale and Ribbon Worldwide. Pursuant to Plaintiffs' Local Rule 81.1 Statement, Ribbon Worldwide is a citizen of Vermont because its members are residents, domiciliaries, and citizens of that state. See Dkt. No. 68 at ¶ 53; see also 28 U.S.C. § 1332. Scottsdale is an Ohio corporation with its principal place of business in Scottsdale, Arizona. See Dkt. No. 1-40 at ¶ 150.

The minimum amount in controversy is also met. The Second Circuit has held that in actions involving coverage under an insurance policy, the applicable policy limit determines the jurisdictional amount. See Beacon Const. Co. v. Matco Elec. Co., Inc., 521 F.2d 392, 399 (2d Cir. 1975) (noting that "the entire value of an insurance policy determines the jurisdictional amount . . ."). Here, the per occurrence limit of the insurance policy issued by Scottsdale to Ribbon Worldwide is $1,000,000. See Beer Decl., Exhibit A at SIC0052. Based on the foregoing, the

potential damages at issue in this matter satisfy the requirements of 28 U.S.C. § 1332(a) in that the amount in controversy exceeds $75,000.

For purposes of diversity jurisdiction, the citizenship of the remaining Plaintiffs and Defendants should be disregarded as to Scottsdale. As set forth in detail in the brief submitted by Acceptance, which Scottsdale relies on and incorporates by reference, Plaintiffs other than Ribbon Worldwide and Defendants other than Scottsdale have been fraudulently misjoined. Moreover, the doctrine of fraudulent joinder applies such that the other Plaintiffs and other Defendants should be disregarded for diversity purposes, because there is no possibility, based on the pleadings, that Ribbon Worldwide can state a cause of action against the non-diverse defendants in state court. Therefore, all parties other than Ribbon Worldwide and Scottsdale should be disregarded for purposes of diversity, and Plaintiffs' motion to remand should be denied.

## CONCLUSION

For these reasons and those contained in Defendants' joint submissions, Scottsdale respectfully requests that the Court grant Scottsdale's motion to sever and deny Plaintiffs' motion to remand.

By: */s/ Lance J. Kalik*
Lance J. Kalik, Esq. (LK-4677)
Jeffrey A. Beer Jr., Esq. (JB-8429)
RIKER DANZIG SCHERER
HYLAND & PERRETTI LLP
500 Fifth Avenue, 49th Floor
New York, NY 10110
(973) 538-0800
lkalik@riker.com
jbeer@riker.com
Attorneys for Defendant
Scottsdale Insurance Company

Dated: October 20, 2020

5216807v1

4