UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **Global Dining, Inc. of California,** *et al.*, *Plaintiffs* v. **Sompo America Insurance Company,** *et al.*, *Defendants.* | 20-cv-4160 (MKB)(JO) |

### SOMPO AMERICA INSURANCE COMPANY'S JOINDER WITH AND SUPPLEMENT TO DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO REMAND

Defendant Sompo America Insurance Company ("Sompo") joins Defendants' Opposition to Plaintiffs' Motion to Remand, and submits this Supplement to the Opposition to separately address why the forum defendant rule, 28 U.S.C. § 1441(b), does not apply to prevent removal as it relates to Sompo.

### Relevant Factual Background

Sompo issued an insurance policy to Global Dining Inc. of California ("Global Dining"). (Dkt 1-40 ¶ 132.) Sompo is a New York domiciliary with its principal place of business in New York. (Dkt 1-40 ¶ 153.) This case was removed on September 4, 2020. (Dkt 1.) Plaintiff allegedly served Sompo on September 9, 2020. (Dkt 40 at 36.)

### Supplemental Argument

As Plaintiffs point out, where the basis for federal subject-matter jurisdiction is diversity of citizenship under 28 U.S.C. § 1332, the forum defendant rule applies. Under that rule, set out in 28 U.S.C. § 1441(b)(2), a suit that is "otherwise removable solely on the basis of . . . [diversity of citizenship] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

Here, the case was removed after the Complaint was filed in state court, but *before* Sompo was "properly joined and served" under Section 1441(b)(2). Therefore, the forum defendant rule does not apply. *See Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 705 (2d Cir. 2019) (holding the forum defendant rule does not apply when case is removed after filing but before service).

## Conclusion

For the reasons above, as well as the reasons set forth in Defendants' Opposition to Plaintiffs' Motion to Remand, Sompo asks the Court to deny Plaintiffs' Motion to Remand, sever the action between Global Dining and Sompo, and maintain Sompo's right of removal based on diversity jurisdiction.

Dated: October 20, 2020

**COZEN O'CONNOR**

By: */s/ Melissa F. Brill*
Melissa F. Brill
mbrill@cozen.com
Farrell J. Miller
fmiller@cozen.com
Alycen Moss *(pro hac vice application forthcoming)*
45 Broadway, 16th Floor
New York, NY 10006
(212) 908-1257

*Attorneys for Defendant*
*Sompo America Insurance Company*