UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ABRUZZO DOCG INC., d/b/a TARALLUCCI E VINO, et al., <br><br> Plaintiffs, <br><br> —*against*— <br><br> ACCEPTANCE INDEMNITY INSURANCE COMPANY, et al., <br><br> Defendants. | No. 20-cv-04160 (MKB) (JO) |

## TWIN CITY FIRE INSURANCE COMPANY'S JOINDER IN OPPOSITION TO MOTION TO REMAND AND MOTION TO SEVER

Defendant Twin City Fire Insurance Company ("Twin City"), by and through its attorneys, Steptoe & Johnson LLP, joins in the Motion to Sever filed by Defendants Chubb Custom Insurance Company and Indemnity Insurance Company of North America (collectively, "Chubb"), and the Opposition to Plaintiffs' Motion to Remand filed by Defendant Acceptance Indemnity Company. In support thereof, Twin City states as follows:

1. On October 20, 2020, Defendant Acceptance Indemnity Company filed a Memorandum of Law in Opposition to Plaintiffs' Motion to Remand. In order to avoid burdening the court with duplicative briefing, Twin City joins in Acceptance Indemnity Company's Opposition, and incorporates in full the legal arguments made therein.

2. On October 20, 2020, Defendant Chubb filed a Motion to Sever. In order to avoid burdening the court with duplicative briefing, Twin City joins in Chubb's Motion to Sever, and incorporates in full the legal arguments made therein. In further support of the Motion to Sever, Twin City states as follows.

3. Twin City respectfully requests that this Court sever the claims against Twin City from every other claim in this action. Every other claim brought in this action involves a different Plaintiff, a different Defendant, and factually distinct allegations which do not meet the standards set forth at Fed. R. Civ. P. 20 for the permissive joinder of Plaintiffs or Defendants. The legal claims against Twin City arise out of a bilateral contract between Twin City and Plaintiffs SRG 1, LLC ("Schnippers Times Square") and SRG 570 LEX, LLC ("Schnippers Midtown") (collectively, "Schnippers"). No other Plaintiff and no other Defendant were parties to the contract between Twin City and Schnippers. Schnippers have improperly combined their dispute with Twin City with those of dozens of other insureds against different insurers for the sole purpose of defeating diversity of citizenship, and depriving Twin City of its right to have this case adjudicated in U.S. District Court.

4. Twin City insures only one group of Plaintiffs in this lawsuit under one commercial property insurance policy: Schnippers. (*See* Ex. 29 to Am. Compl.)

5. Schnippers have improperly combined their dispute against Twin City with the claims by dozens of other insureds against their insurers. Their claims do not meet the standards for permissive joinder set forth at Fed. R. Civ. P. 20, either as to the permissive joinder of Plaintiffs or the permissive joinder of Defendants.

6. Schnippers bring separate and independent claims against Twin City based upon the terms and conditions of the insurance contract that they entered into with Twin City. No Plaintiff, including Schnippers, makes a claim against an insurance carrier with whom that Plaintiff did not have an insurance contract. By equal measure, Plaintiffs who are not insured by Twin City do not attempt to state claims against Twin City. *See, e.g.*, *Lang v. Hanover*, 3

N.Y.3d 350 (N.Y. 2004) (a party cannot sue an insurance company directly unless there is privity of contract between the plaintiff and the insurer).

7. In similar situations, other courts have severed claims that have been improperly joined together. *Chattanooga Prof'l Baseball, LLC d/b/a Chattanooga Lookouts, et al. v. Philadelphia Indem. Ins. Co., et al.*, No. 20-cv-03032 (E.D. Pa. June 25, 2020) (ECF No. 3) (court sua sponte severed the COVID-19 business income claims of each plaintiff, where 15 plaintiffs in 11 states brought a single lawsuit against 5 insurers involving different contracts of insurance); *Ultimate Hearing Solutions v. Hartford Underwriters Ins. Co.*, No. 20-2401 (E.D. Pa. July 8, 2020) (ECF No. 3) (court sua sponte severed Covid-19 business income claims brought by two groups of plaintiffs against two separate insurance companies).

8. Plaintiffs here have improperly mis-joined both Plaintiffs and Defendants in a transparent attempt to thwart removal based diversity of citizenship, and are attempting to create their own multi-district litigation via improper joinder. The Judicial Panel on Multi-District Litigation has already concluded that the claims by separate insureds against their own insurance companies should not be joined together. *In Re: Covid-19 Business Interruption Protection Insurance Litigation*, MDL No. 2942 (August 2020 Order, ECF No. 772). This Court should sever the claims in accordance with Federal Rule of Civil Procedure 21. *In re Propecia (Finasteride) Product Liability Litigation*, Nos. 12–MD–2331 (JG)(VVP), 12–CV–2049 (JG)(VVP), 2013 WL 3729570 (E.D.N.Y. May 17, 2013); *In re Rezulin Prod. Liab. Litig.*, 168 F. Supp. 2d 136, 147–48 (S.D.N.Y. 2001) (applying doctrine of fraudulent misjoinder, severing the non-diverse claim, and retaining jurisdiction over the diverse actions).

9. For the reasons stated above, Twin City joins the Motions to Sever filed by Chubb.

**WHEREFORE**, Defendant Twin City Fire Insurance Company respectfully requests that this Court enter an Order:

1. Permitting Twin City to join the Motion to Sever filed by Chubb;

2. Permitting Twin City to join the Opposition to Plaintiffs' Motion to Remand filed by Acceptance Indemnity Company;

3. Severing the claims filed against Twin City from the claims filed by the other Plaintiffs against their insurers;

4. Denying Plaintiffs' Motion to Remand; and

5. For such other and further relief as this Court deems just and proper.

Dated: New York, New York
October 20, 2020

**STEPTOE & JOHNSON LLP**

By:   */s/ Charles Michael*
    Charles Michael
    1114 Avenue of the Americas
    New York, New York 10036
    (212) 506-3900
    cmichael@steptoe.com

*Counsel for defendant Twin City Fire Insurance Company*