UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| ABRUZZO DOCG INC. d/b/a TARALLUCCI E VINO, *et al.*, | Case No. 1:20-cv-04160-MKB-JO |
| Plaintiff, | |
| -against- | |
| ACCEPTANCE INDEMNITY INSURANCE COMPANY, *et al.*, | |
| Defendants. | |

---

## DEFENDANT UNITED NATIONAL INSURANCE COMPANY'S JOINDER IN OPPOSITION TO PLAINTIFFS' MOTION TO REMAND

Defendant, United National Insurance Company ("United National"), by and through its counsel, White and Williams LLP, hereby joins in Defendants' Memorandum of Law in Opposition to Plaintiffs' Motion to Remand (the "Opposition"), and respectfully requests that this Court deny Plaintiffs' Motion to Remand and retain jurisdiction over the claims asserted against United National by plaintiff GG Campbell, LLC d/b/a The Campbell ("Campbell").

## FACTUAL BACKGROUND

On August 4, 2020, Campbell, along with 52 other plaintiffs, filed suit against United National and 26 other insurance companies in the Supreme Court of the State of New York, County of Kings.  On August 25, 2020, Campbell, along with 93 other plaintiffs, filed an Amended Complaint naming United National and 40 other insurance companies as defendants.

On September 4, 2020, Acceptance Indemnity Insurance Company filed a notice of removal pursuant to 28 U.S.C. §§ 1332, 1441 (a) and Rule 81 of the Federal Rules of Civil Procedure.  *See* Notice of Removal, ECF No. 1.  United National separately filed a consent to, and joinder in, Acceptance's Notice of Removal on October 4, 2020.  *See* United National's Consent

and Joinder in Removal, ECF No. 89. On September 25, 2020, plaintiffs filed a Motion to Remand. *See* Letter to Counsel re: Plaintiffs' Motion to Remand, ECF No. 69. On October 20, 2020, Acceptance served an Opposition to the Motion to Remand. *See* Opposition.

## **SUPPLEMENTAL ARGUMENT**

The legal arguments set forth in the Opposition are equally applicable to United National. Therefore, in order to avoid burdening the court with duplicative briefing, United National joins in the Opposition and incorporates the legal arguments made therein in full.

As discussed in detail in the Opposition, fraudulent misjoinder[1] occurs when a plaintiff attempts to defeat removal by improperly joining unrelated claims of non-diverse parties. *See* Opposition at Legal Standard, Section I. A claim is fraudulently misjoined when any element of permissive joinder is not met.[2] *Id*. Under Federal Rule of Civil Procedure 20(a) and CPLR 1002(a) and (b), whether parties have been properly joined turns on whether: (1) the plaintiffs assert claims (or claims are asserted against the defendants) which arise out of the same transaction, occurrence or series of transactions or occurrences; and (2) any question of law or fact common to all plaintiffs or defendants will arise in the action. *Id*. Fraudulent joinder occurs when it is impossible, based upon the pleadings, for a plaintiff to state an action against a non-diverse defendant. *Id.* at Argument, Section II. When a party is fraudulently misjoined or fraudulently joined, the citizenship of the misjoined party is to be disregarded when analyzing diversity jurisdiction. *Id.* at Argument.

Campbell's claim against United National is totally separate and distinct from the other coverage disputes presented by the Amended Complaint, as it is the only claim in the action that

---

[1] Fraudulent joinder is also referred to as procedural misjoinder. *See In re Propecia (Finasteride) Prod. Liab. Litig.*, No. 12-CV-2049 JG VVP, 2013 U.S. Dist. LEXIS 117375 at *34 (E.D. N.Y. May 17, 2013).

[2] Fraudulent misjoinder does not require a finding of egregiousness. *See* Opposition at Argument, Section I.D.

involves Campbell's alleged response to COVID-19 and the terms, conditions, exclusions and other provisions of the insurance policy issued by United National to Campbell (the "United National Policy"). Campbell's claims do not arise out of the same transaction or occurrence, or allege common issues of law or fact with the claims of the other plaintiffs. Rather, Campbell's claims arise out of a unique transaction (the purchase of the United National Policy), a unique occurrence (United National's coverage determination) and unique questions of law and fact (whether United National rightfully disclaimed coverage based upon the provisions of the United National Policy and the facts particular to Campbell's claim, including the cause and extent of Campbell's alleged losses). Consequently, joinder of the other plaintiffs and defendants is improper based upon Federal Rule of Civil Procedure 20(a) and New York's Civil Practice Rule and Laws § 1002(a) and (b).

Further, there is no possibility that Campbell can recover from any defendant other than United National. Campbell asserts no claims against, and seeks no relief from, any other defendant, and the Amended Complaint is void of any allegation that Campbell was insured under an insurance policy issued by another defendant. *See* Amended Complaint, ECF No. 1-40 at ¶¶ 666-670. Likewise, no other plaintiff states a claim against, or seeks relief from United National, seeks any relief from United National, or alleges the existence of a contract with United National. There are no allegations that Campbell is affiliated with any other plaintiff, or that any other plaintiff qualifies as an insured under the United National Policy. Consequently, there is no possibility that any other plaintiff could recover from United National.

Campbell and United National are the only proper parties to Campbell's claims for coverage; all other plaintiffs and defendants have been fraudulently misjoined and/or fraudulently

joined. Accordingly, this Court should disregard the citizenship of all other plaintiffs and defendants for the purposes of analyzing diversity jurisdiction.

Campbell and United National are completely diverse. The Amended Complaint alleges that Campbell is a Delaware limited liability company with a principal place of business in New York, New York. *See* ECF No. 1-40 at ¶ 55. As an LLC, Campbell is also considered a citizen of California, Colorado, Connecticut, Florida, and South Carolina where its members are residents, domiciliaries, and citizens for the purpose of 28 U.S.C. § 1332. *See* ECF No. 68, at pp. 4-5. United National is a Pennsylvania company with its principal place of business in Pennsylvania. *See* ECF No. 89, Ex. A. Thus, there is complete diversity between United National and Campbell.

For these reasons, as well as those set forth in the Opposition and in United National's consent to, and joinder in, Acceptance's Notice of Removal (ECF No. 89), the Court should deny Plaintiffs' motion for remand on the basis that the Court has original jurisdiction over the claims asserted by Campbell against United National.

**WHEREFORE**, United National respectfully requests that this Court enter an order denying Plaintiffs' Motion for Remand, retain jurisdiction over Campbell's claims against United National, and grant such other relief as this Court may deem fair and equitable under the circumstances.

Date:   October 20, 2020                                    Respectfully submitted,

/s/ Gregory T. LoCasale          .
Gregory T. LoCasale
Rafael Vergara
White and Williams LLP
7 Times Square, Suite 2900
New York, NY 10036
Phone: 212-244-9500
locasaleg@whiteandwilliams.com
vergarar@whiteandwilliams.com
*Attorneys for Defendant*
 *United National Insurance Company*

## **CERTIFICATE OF SERVICE**

1. I am an attorney at White and Williams LLP, attorneys for Defendant United National Insurance Company.

2. On **October 20, 2020**, I served counsel of record with **United National's Joinder in Opposition to Plaintiffs' Motion to Remand** via email.

Pursuant to 28 U.S.C. § 1746, I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date:  October 20, 2020              /s Margo E. Meta                .
                                           Margo E. Meta