UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ABRUZZO DOCG INC. d/b/a TARALLUCCI E VINO, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ACCEPTANCE INDEMNITY INSURANCE COMPANY, et al., <br><br> Defendants. | Case No. 1:20-cv-04160-MKB-JO |

**DEFENDANTS UNITED SPECIALTY INSURANCE COMPANY'S AND NATIONAL FIRE AND MARINE INSURANCE COMPANY'S MOTION TO JOIN CO-DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO REMAND AND MOTION TO SEVER WITH RESPECT TO CLAIMS MADE BY STOUT, INC.**

Defendants United Specialty Insurance Company ("United Specialty") and National Fire and Marine Insurance Company ("National Fire") file this Motion to Join in Defendants Chubb Custom Insurance Company and Indemnity Insurance Company of North America's Motion to Sever ("Motion to Sever") and Defendants' Memorandum of Law in Opposition to Plaintiff's Motion to Remand ("Defendants' Response"). In particular, United Specialty and National Fire respectfully request that the Court sever the claims asserted against them by Stout, Inc. ("Stout") from the remainder of the lawsuit and maintain United Specialty and National Fire's right to removal. In support, United Specialty and National Fire state as follows:

I. **POLICY AND LAWSUIT**

1. National Fire and United Specialty subscribed to Policy No. VET-GF-00643190, which was issued to Stout, Inc. t/a Stout for the period April 10, 2019 to April 10, 2020 (the "Stout Policy"). The Stout Policy provided certain property coverage to Stout,

subject to its terms, conditions, and exclusions.

2. Stout submitted a claim for loss business income allegedly related to the coronavirus and/or COVID-19. After submitting the claim, Stout did not participate in the adjustment and failed to respond to National Fire's and United Specialty's request for information.

3. Instead, it filed suit with over 93 other plaintiffs in the Supreme Court of the State of New York, Kings County. These plaintiffs are "a broad and diverse group of restaurants, bars, and other eating establishment." Each of the plaintiffs seeks coverage from their own individual insurer or insurers. In all, the lawsuit is a combination of over thirty different coverage disputes.

4. Stout alleges that it operates twelve popular American bars and restaurants in New York, New York. (Am. Compl. ¶¶ 302-209). It claims that its business was affected by New York Executive Orders and that it "suffered substantial covered losses." *Id*.

5. Stout asserts three claims against National Fire and United Specialty, specifically: (1) breach of the Stout Policy; (2) unjust enrichment based on their retention of premiums; and (3) a declaration of rights under the Stout Policy. Stout does not assert claims against *any* other defendant.

6. Similarly, none of the other 93 plaintiffs are seeking coverage under the Stout Policy because they are not parties to that contract. Instead, they assert claims against each of their individual insurers under their own insurance policies. Each of theses policies includes different provisions, exclusions, and conditions. In total, there are over sixty different separate actions combined in this one lawsuit.

7. On September 4, 2020, Defendant Acceptance Indemnity Insurance Company

("Acceptance") filed a notice of removal pursuant to 28 U.S.C. §§ 1332, 1441(a), and Rule 91 of the Federal Rules of Civil Procedure. (ECF No. 1). United Specialty and National Fire filed separate pleadings consenting to and joining in the removal (although unnecessary) and demonstrating that the Court has diversity jurisdiction over the claim asserted by Stout against them. (ECF Nos. 11 and 52).

8. Plaintiffs moved to remand the lawsuit to state court. In response, Acceptance Indemnity Insurance Company filed a Memorandum of Law in Opposition to Plaintiffs' Motion to Remand ("Defendants' Response").[1]

9. At the same time, Defendants Chubb Custom Insurance Company and Indemnity Insurance Company of North America filed a Motion to Sever (the "Motion to Sever").

10. To avoid burdening the Court with duplicative briefing and at Plaintiffs' request, United Specialty and National Fire join in the Defendants' Response and Motion to Sever with respect to Stout's claim. The legal arguments made in those Motions are fully incorporated herein.

11. For the reasons below and those discussed in Defendants' Response and the Motion to Sever, United Specialty and National Fire respectfully request that the Court sever Stout's claims against them from every other claim in this action under Fed. R. Civ. P. 21. They also respectfully request that the Court allow them to maintain their right to removal.

**II. THE STOUT CLAIM SHOULD BE SEVERED AND REMAIN IN FEDERAL COURT**

12. Stout only asserts claims against United Specialty and National Fire under the Stout Policy. These claims arise solely under the contract between Stout and its insurers, United Specialty and National Fire. Put differently, the dispute between Stout and its insurers

---

[1] Pursuant to the Court's rules, Defendants' Response and the Motion to Sever has been served, but not filed.

is based solely on the unique terms, conditions, exclusions, and provisions of the Stout Policy.

13. Stout does not (and cannot) assert claims against any other defendant. And, while United Specialty (not National Fire) insures one other plaintiff (Harlem Hookah), that claim involves a completely different policy with different terms, as well as a completely separate insured and adjustment.

14. Even so, Stout has improperly combined its claims against United Specialty and National Fire with the claims of 93 other plaintiffs. The plaintiffs include a variety of restaurants, theaters and shops. (Am. Compl. ¶ 2). Each of these plaintiffs asserts a separate breach of contract claim against its own carrier under its unique insurance policy.

15. Each of the plaintiff's claims against their own insurer involves a transaction or occurrence that is completely separate from those of the other plaintiffs and defendants. Specifically, each claim involves a separate policy, a separate insurance claim, a separate adjustment, and a separate coverage determination (if one could be made at all). This applies to Stout's claims, as well. Its claim is based on its own policy, claim, and adjustment.

16. Even more, the plaintiff's claims do not involve common questions of law or fact. Each of the claims involves a separate policy with its own provisions or exclusions. For instance, the Stout Policy includes, among other terms, a Virus Exclusion. Other policies may include different versions of this virus exclusion or even different microorganism or contamination exclusions that bar coverage. To complicate matters further, each of the plaintiffs was allegedly impacted by the coronavirus in different ways (total closure, partial closure, and/or reopened). If this matter is not severed, the Court will have to analyze the terms of sixty-two separate policies, as well as the facts surrounding each claim.

17. Because these matters do not arise out of the same transaction or occurrence

4

and do not have any common questions of law or fact, the claims in the lawsuit are impermissibly joined under Fed. R. Civ. P. 20 and Rule 1002(a) of the Civil Practice Law and Rules. For this reason and as discussed in the Motion to Sever, Stout's claim against National Fire and United Specialty should be severed from every other claim under Fed. R. Civ. P. 21. *See* Motion to Sever.

18. Further, it appears that plaintiffs combined these lawsuits to prevent removal based on diversity jurisdiction and are attempting to create their own multi-district litigation through fraudulent joinder and misjoinder. This has already been rejected, and the Judicial Panel on Multi-District Litigation held that claims by separate insureds against their own insurance company should not be joined together. *In Re: Covid-19 Business Interruption Protection Insurance Litigation*, MDL No. 2942 (August 2020 Order, ECF No. 772).

19. As discussed in Defendants' Response, courts should disregard the citizenship of fraudulently misjoined or fraudulently joined parties when analyzing diversity jurisdiction. Here, the claims asserted by the plaintiffs fail to satisfy any of the requirement of permissive joinder and are fraudulently misjoined. And, Stout improperly and fraudulently joined the claims of other plaintiffs that have nothing to do with its claims against National Fire and United Specialty. *See* Defendants' Response.

20. Thus, the citizenship of all parties except Stout, National Fire, and United Specialty should be disregarded when analyzing diversity jurisdiction. Because Stout is diverse from both National Fire and United Specialty[2] and there is more than $75,000 at issue, Stout's claims against its insurer satisfies the diversity requirements. (ECF Nos. 11 and 52).

---

[2] As discussed in United Specialty and National Fire separate pleadings : (1) United Specialty is a Delaware corporation with its principal place of business in Texas (Texas and Delaware citizen); (2) National Fire is a Nebraska corporation with its principal place of business in Nebraska (Nebraska citizen); and (3) Stout is a New York corporation with its principal place of business in New York (New York citizen).

21. For these reasons, National Fire and Marine respectfully request that:

    a. Stout's Claims against them be severed from every other claim; and

    b. United Specialty and National Fire are able to maintain their right to removal based on diversity jurisdiction.

This 20th day of October 2020.

                                            Respectfully submitted,

                                            */s/ Michelle Arbitrio, Esq.*
                                            WOOD, SMITH, HENNING & BERMAN LLP
                                            Michelle Arbitrio, Esq.
                                            marbitrio@wshblaw.com
                                            5 Waller Avenue, Suite 200
                                            White Plains, NY 10601
                                            Tel. 212) 999.7100
                                            685 3rd Avenue, 18th Floor
                                            New York, NY 10017
                                            Tel. 914) 353-3803

                                            *Attorney for Defendant*
                                            *National Fire & Marine Insurance Company*
                                            *and United Specialty Insurance Company*