UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

ABRUZZO DOCG INC. d/b/a
TARALLUCCI E VINO, et al.;

        Plaintiffs,

v.

ACCEPTANCE
INDEMNITY INSURANCE
COMPANY, et al.,

        Defendants.

Case No. 1:20-cv-04160-MKB-JO

---

### DEFENDANT WATFORD SPECIALTY INSURANCE COMPANY'S JOINDER IN MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO REMAND

Defendant Watford Specialty Insurance Company ("Watford Specialty"), by and through undersigned counsel, hereby submits this Joinder in Defendant Acceptance Indemnity Insurance Company's Memorandum in Opposition to Plaintiffs' Motion to Remand, and states as follows:

**A.**     **Joinder in Memorandum in Opposition to Plaintiffs' Motion to Remand.**

Watford Specialty adopts and incorporates by reference the legal arguments set forth in the Memorandum in Opposition to Plaintiffs' Motion to Remand filed by Defendant Acceptance Indemnity Insurance Company's (the "Opposition Memorandum").

**B.**     **Plaintiffs' Motion for Remand Should Be Denied, and the Action Between Bea's Tavern and Watford Specialty Should Be Severed.**

This action involves 62 separate claims for insurance coverage by 94 separate insureds against 41 separate insurance companies. Counts 2 through 63 are for Breach of Contract by each separate insured against their separate, respective insurance carriers pursuant to their separate, respective policies. Only one of these counts is directed to Watford Specialty. Count 7 is for

Breach of Contract by Bea's Tavern, Inc. d/b/a Botanica Bar ("Bea's Tavern") against Watford Specialty pursuant to a commercial property policy that Watford Specialty issued to Bea's Tavern for the period October 13, 2019 to October 13, 2020, bearing policy number ERPR00063301 (the "Policy"). Am. Compl. ¶¶ 36, 211, 635-40 (Docs. 1-40. 1-41 & 1-97).

**1. Plaintiffs Are Fraudulently Misjoined.**

The Plaintiffs are improperly joined under both Fed. R. Civ. P. 20 and N.Y. C.P.L.R. § 1002(b) and, in turn, under the doctrine of fraudulent misjoinder. *See* Opposition Memorandum, Argument at Part I.

First, Plaintiffs do not assert any right to relief jointly, severally, or in the alternative. Bea's Tavern is the only Plaintiff with an alleged right to relief and a claim against Watford Specialty. Bea's Tavern is the only Plaintiff in this action insured under the Policy, much less under a policy issued by Watford Specialty. No other Plaintiff claims any rights to relief under the Policy.

Second, Plaintiffs do not assert a right to relief arising from the same transaction or occurrence or series of transactions or occurrences. Again, Bea's Tavern is the only Plaintiff that purchased a policy issued by Watford Specialty. The terms, conditions, and exclusions of the Watford Specialty Policy issued to Bea's Tavern are not the same as the terms, conditions, and exclusions of the other Defendants' policies issued to the other Plaintiffs. Watford Specialty's coverage determination under the Policy is a separate coverage determination from any other Defendants' coverage determinations under their policies. Further, the property insured under the Policy that Watford Specialty issued to Bea's Tavern is separate and distinct from the other Plaintiffs' property. Further, Bea's Tavern's alleged losses are unique to Bea's Tavern, as Bea's Tavern's business is separate and distinct from the other Plaintiffs' businesses.

Third, there are no questions of law or fact common to all Plaintiffs and Defendants. This action requires the interpretation of numerous separate policies issued by 41 different insurance carriers to each of the 94 insureds, each with different terms, conditions, and exclusions and how those terms, conditions and exclusions respond to the different circumstances of each Plaintiffs' losses.

**2. The Plaintiffs Are Fraudulently Joined.**

In addition, Plaintiffs are fraudulently joined. *See* Opposition Memorandum, Argument at Part II. Bea's Tavern is the only Plaintiff with a claim against Watford Specialty. As Bea's Tavern is the only Plaintiff insured under a Watford Specialty policy, none of the other Plaintiffs have any basis for relief against Watford Specialty.

For these reasons, Bea's Tavern's action against Watford Specialty should be severed into an individual action.[1]

**3. Bea's Tavern and Watford Specialty Are Completely Diverse.**

As set forth in Watford Specialty's Notice of Consent and Joinder in Removal ("Notice"), there is complete diversity between Watford Specialty and Bea's Tavern. Notice ¶¶ 8-12 (Doc. 46). Watford Specialty is an insurance company incorporated in New Jersey with a principal place of business in New Jersey. *See* Notice of Consent and Joinder in Removal ¶ 9 (Doc. 46). Bea's Tavern is a New York corporation with its principal place of business in New York, NY. *See* Am. Compl. ¶ 36; Local Rule 81.1 Statement ¶ 4 (Doc. 68). The amount in controversy between Watford Specialty and Bea's Tavern exceeds $75,000. *See* Notice of Consent and Joinder in Removal ¶ 11 (Doc. 46).

---

[1] Watford Specialty has also joined in the Motion for Severance filed by Defendants Chubb Custom Insurance Company and Indemnity Insurance Company of North America.

3

**C.     Conclusion.**

For the foregoing reasons, Watford Specialty respectfully requests that the Court deny Plaintiffs' motion for remand and sever Bea's Tavern's claims against Watford Specialty into an individual action.

Dated: October 20, 2020  
New York, New York

Respectfully submitted,

**STROOCK & STROOCK & LAVAN LLP**

By: __/s/ Robert Lewin_____  
Robert Lewin  
180 Maiden Lane  
New York, NY 10038  
Telephone: 212-806-6627  
Facsimile: 212-806-6006  
Email: rlewin@stroock.com

*Counsel for Defendant Watford Specialty Insurance Company*