UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____

ABRUZZO DOCG INC. d/b/a
TARALLUCCI E VINO, et al.;

               Plaintiffs,

v.                                         Case No. 1:20-cv-04160-MKB-JO

ACCEPTANCE
INDEMNITY INSURANCE
COMPANY, et al.,

               Defendants.
_____

## DEFENDANT XL INSURANCE AMERICA'S JOINDER TO ACCEPTANCE INDEMNITY INSURANCE COMPANY'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION TO REMAND

Defendant XL Insurance America, Inc. ("XL Insurance"), by and through its attorneys, Zelle LLP, files this Joinder to Acceptance Indemnity Insurance Company's Memorandum of Law in Opposition to Plaintiffs' Motion to Remand (the "Acceptance Brief"). XL Insurance adopts and incorporates by reference the Acceptance Brief. In particular, XL Insurance restates and incorporates by reference the legal arguments set forth in the Acceptance Brief, and for the sake of brevity, XL Insurance will not repeat those legal arguments and authority in this memorandum.

     1.      On September 4, 2020, Defendant Acceptance Indemnity Insurance Company ("Acceptance") filed a notice of removal pursuant to 28 U.S.C. §§ 1332, 1441(a), and Rule 91 of the Federal Rules of Civil Procedure. (ECF Doc. 1).

     2.      On September 25, 2020, Plaintiffs filed a Motion to Remand this action to the Supreme Court of the State of New York, County of Kings. (ECF Doc. 69).

3. On September 28, 2020, XL Insurance filed its Notice of Consent and Joinder in Removal. (ECF Doc. 71).

4. On October 20, 2020, Defendant Acceptance Indemnity Insurance Company filed the Acceptance Brief, which XL Insurance joins.

5. XL Insurance insures nine of the Plaintiffs in this lawsuit:

　　i. Black Tap Group, LLC ("Black Tap"). (ECF Doc. 1-1, ¶ 195). Plaintiffs allege that Black Tap "is a citizen of California, Maine, New Jersey, New York, and Texas, as well as the nations of Jersey, Switzerland, and the United Arab Emirates, because its members are residents, domiciliaries, and citizens of those states and countries." (ECF Doc. 68, ¶ 6).

　　ii. 976 Madison Restaurant, LLC d/b/a Kappo Masa ("Kappo Masa"). (ECF Doc. 1-1, ¶ 454). Plaintiffs allege that Kappo Masa "is a citizen of at least California, Connecticut, Delaware, Illinois, New Jersey, New York, and Pennsylvania, as well as the nation of Luxembourg, because its members are residents, domiciliaries, and citizens of at least those states and that country," and that Kappo Masa "is continuing to collect this information from its members and may supplement this statement." (ECF Doc. 68, ¶ 91).

　　iii. G&L Restaurant, LLC d/b/a Loring Place ("Loring Place"). (ECF Doc. 1-1, ¶ 443). Plaintiffs allege that Loring Place "is a citizen of at least California, Florida, and New York because its members are residents, domiciliaries, and citizens of at least those states," and that Loring Place "is

continuing to collect this information from its members and may supplement this statement." (ECF Doc. 68, ¶ 21).

iv.  HRK Food, Inc., Naya Express, Inc., Naya Express II, Inc., and Naya Holdings, LLC. (collectively referred to as "Naya Restaurants"). (ECF Doc. 1-1, ¶ 462). Plaintiffs allege that (a) HRK Food, Inc. "is a New York corporation with a principal place of business in New York, NY;" (b) Naya Express, Inc. "is a New York corporation with a principal place of business in New York, NY;" (c) Naya Express II, Inc. "is a New York corporation with a principal place of business in New York, NY;" and (d) Naya Holdings, LLC "is a citizen of New York and the nation of Switzerland, because its members are residents, domiciliaries, and citizens of that state and country." (ECF Doc. 68, ¶¶ 29, 43-45).

v.  SRG Church Street, LLC and SRG NYP, LLC (collectively referred to as "Schnippers Restaurants"). (ECF Doc. 1-1, ¶ 537). Plaintiffs allege that "SRG Church Street, LLC is a citizen of Arizona, Connecticut, Massachusetts, New Jersey, New York, Texas, and Vermont because its members are residents, domiciliaries, and citizens of those states," and "SRG NYP, LLC is a citizen of Arizona, Connecticut, New Jersey, New York, Texas, and Vermont because its members are residents, domiciliaries, and citizens of those states." (ECF Doc. 68, ¶¶ 58-59)

Black Tap, Kappo Masa, Loring Place, Naya Restaurants, and Schnippers Restaurants are collectively referred to as the "XL Insureds."

6.      XL Insurance is a Delaware corporate with its principal place of business in Connecticut.  (ECF Doc. 95).  The amount in controversy between XL Insurance and each XL Insured exceeds $75,000. (ECF Doc. 71).

7.      Plaintiffs' Rule 81.1 statement does not identify the members of the XL Insureds that are limited liability companies.  Rather, Plaintiffs only allege the location of the members, and in some instances Plaintiffs allege they are "continuing to collect this information from its members and may supplement this statement."  (*See*, ¶ 5, *supra*).  Complete information regarding the members of the XL Insureds is not publicly available.

8.      Limited discovery is permitted to resolve fact issues bearing on the court's jurisdiction. *Cantor Fitzgerald, L.P. v. Peaslee*, 88 F.3d 152, 155 (2d Cir. 1996) ("Before passing on the plaintiffs' motion to remand, the court may have had to authorize further discovery . . ."); *Fein v. Chrysler Corp.*, No. CV-98-4113 (CPS), 1998 WL 34032284, at *9 (E.D.N.Y. Sept. 29, 1998*)* (recognizing the need for jurisdictional discovery); *250 Lake Ave. Assocs., LLC v. Erie Ins. Co.*, 281 F. Supp. 3d 335, 341 (W.D.N.Y. 2017) (denying motion for remand and granting leave to file an amended notice of removal or, alternatively, a motion for limited jurisdictional discovery); *Golisano v. Turek*, No. 14-CV-6411-CJS, 2015 WL 423229, at *5 (W.D.N.Y. Feb. 2, 2015) (granting request for limited jurisdictional discovery on the issue of plaintiff's domicile). XL Insurance respectfully requests that the Court permit limited jurisdictional discovery to resolve whether there is complete diversity between XL Insurance and the XL Insureds.

**WHEREFORE**, Defendant XL Insurance America, Inc. respectfully requests that this Court hereby take Notice of its Joinder to Acceptance Indemnity Insurance Company's Memorandum of Law in Opposition to Plaintiffs' Motion to Remand, deny Plaintiffs' motion to

remand, permit limited jurisdictional discovery, and grant such other and further relief as the Court

deems just, equitable and proper.

Respectfully submitted,

Dated: October 20, 2020
        New York, New York

**ZELLE LLP**

*s/Matthew Gonzalez*
Matthew Gonzalez, Esq.
45 Broadway, Suite 920
New York, New York 10006
Tel.: (646) 876-4410

-and-

Dan Millea, Esq. (*pro hac vice* pending)
Nick Dolejsi, Esq. (*pro hac vice*)
500 Washington Ave. S., Suite 4000
Minneapolis, Minnesota 55415
Tel.: (612) 339-2020

**ATTORNEYS FOR DEFENDANT XL
INSURANCE AMERICA, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of October, 2020, a true and correct copy of the foregoing document was served via email to:

Jeremy M. Creelan
Michael W. Ross
Seth H. Agata
Jenna E. Ross
Jacob D. Alderdice
JENNER & BLOCK LLP
919 Third Avenue, 38th Floor
New York, New York 10022
Phone: (212) 891-1678

**ATTORNEYS FOR PLAINTIFFS**