UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------
ABRUZZO DOCG INC. et al.,

                                      Plaintiffs,                      **MEMORANDUM & ORDER**
                                                                           20-CV-4160 (MKB)

             v.

ACCEPTANCE INDEMNITY INSURANCE
COMPANY et al.,

                                      Defendants.
------------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

       Plaintiffs Abruzzo Docg, Inc. and ninety-three other owners and operators of restaurants and bars with a primary place of business in New York, commenced the above-captioned action in August of 2020 in the Supreme Court of the State of New York, Kings County ("State Court") against Acceptance Indemnity Insurance Co. ("Acceptance") and forty-one other insurance companies ("Defendant Insurers"). Plaintiffs assert claims for breach of contract and unjust enrichment and seek a declaratory judgment stemming from Defendant Insurers' denials of Plaintiffs' claims for coverage of losses caused by the State of New York's COVID-19 shutdown executive orders ("Shutdown Executive Orders"). Acceptance removed the action from the State Court to this Court pursuant to 28 U.S.C. §§ 1332, 1441(a) and Rule 81 of the Federal Rules of Civil Procedure. (Notice of Removal ¶ 1, Docket Entry No. 1.)

       Plaintiffs now move to remand the action to State Court. (Pls.' Mot. to Remand, Docket Entry No. 148; Pls.' Mem. in Supp. of Pls.' Mot. to Remand ("Pls.' Mem.") at 6–7 & n.6, Docket Entry No. 148-1.) As further explained below, because the Court lacks jurisdiction given the

absence of complete diversity between the parties, the Court grants Plaintiffs' motion to remand and dismisses all other pending motions as moot.

## I. Background

### a. COVID-19 Executive Orders

In March of 2020, at the height of the COVID-19 pandemic, former New York Governor Andrew M. Cuomo declared a state of emergency and began issuing a series of executive orders to restrict the spread of the deadly coronavirus. (Am. Compl. ¶ 169, annexed to Notice of Removal as Exs. 40–41, Docket Nos. 1-40–41.) On March 7, 2020, the Shutdown Executive Orders restricted all places of business or public accommodation to operate at no greater than 50% occupancy and no greater than 50% of seating capacity. N.Y. Exec. Order No. 202.1; (Am. Compl. ¶ 169). On March 16, 2020, all restaurants and bars in the state of New York were ordered to "cease serving patrons food or beverage on-premises." N.Y. Exec. Order No. 202.1; (Am. Compl. ¶ 170 (emphasis omitted)). The Shutdown Executive Orders temporarily restricted all activity at many of Plaintiffs' properties, and significantly altered the functioning of others, rendering them "functionally inoperable." (Am. Compl. ¶ 4.) Later, the Shutdown Executive Orders were modified to allow "a restaurant or bar . . . to serve patrons food or beverage on-premises only in *outdoor* space, provided such restaurant or bar is in compliance with Department of Health guidance promulgated for such activity," including six-feet social distancing guidelines. N.Y. Exec. Order No. 202.38; N.Y. Exec. Order 202.39; *(*Am. Compl. ¶ 172).

To remain in compliance with the Shutdown Executive Orders, Plaintiffs were forced to make material alterations to their businesses, including:

> (i) ensuring that all outdoor tables are at least six feet from any other table, patron, or pedestrian thoroughfare, or enacting physical

2

> barriers where social distancing is not feasible; (ii) clearly signaling six feet of spacing in any lines for customers; (iii) designating different entrances and exits for customers and employees; and (iv) limiting party sizes to a maximum of ten persons.

(Am. Compl. ¶ 174.) After making these physical alterations, Plaintiffs each submitted notices of claim for covered losses to their respective Defendant Insurers pursuant to their valid and enforceable insurance contracts. (*Id*. ¶¶ 178–598.) Each Defendant Insurer denied coverage.

### b. State Court action

On August 4, 2020, fifty-three operators of restaurants and bars located primarily in New York City commenced the above-captioned action in State Court against twenty-seven insurance companies alleging claims under New York law. (Notice of Removal ¶ 1.) On August 25, 2020, ninety-four Plaintiffs filed an Amended Complaint against forty-two Defendant Insurers. (*Id.*; Am. Compl. ¶¶ 32–167.) Most Plaintiffs are citizens of New York, (Plaintiffs' Local Rule 81.1 Statement, Docket Entry No. 68), and at least seven Defendant Insurers are citizens of New York,[1] (Am. Compl. ¶¶ 139, 151, 153–154, 162, 164, 167). Some Plaintiffs also share citizenship with Defendant Insurers that are not citizens of New York.[2] (Pls.' Local Rule 81.1 Statement.)

---

[1] Defendants Greater New York Mutual Insurance Company, Seneca Insurance Company, Inc., Sompo America Insurance Company, Strathmore Insurance Company, Utica First Insurance Company, Wesco Insurance Company, and Zurich American Insurance Company. (*See* Am. Compl. ¶¶ 139, 151, 153–154, 162, 164, 167.)

[2] Plaintiffs' Local Rule 81.1 Statement lists Plaintiffs' citizenship in California, Colorado, Connecticut, Delaware, Florida, Georgia, Illinois, Maryland, Massachusetts, Michigan, Mississippi, New Jersey, New York, North Carolina Pennsylvania, South Carolina, Texas, Virginia, Washington, Washington, D.C., and Wyoming. The Amended Complaint lists non-New York Defendant Insurers' citizenship in Arizona, Connecticut, Delaware, Georgia, Illinois, Indiana, Massachusetts, Michigan, Missouri, Ohio, Nebraska, New Hampshire, New Jersey, North Carolina, Pennsylvania, Rhode Island, South Carolina, Texas, Virginia, and Wisconsin.

In their 225-page Amended Complaint, Plaintiffs contend that they each maintained an all-risk commercial property insurance policy that included business interruption coverage with at least one Defendant Insurer; that they suffered business income losses as a result of the Shutdown Executive Orders; and that Defendant Insurers denied coverage for these losses. (Am. Compl. ¶¶ 178–598.) Each Plaintiff also asserts that they share "a common legal question based on common facts and industry-standard policy language: whether Defendant Insurers must provide coverage under all-risk commercial property insurance policies . . . for direct physical loss and/or damage caused by executive orders that have physically impaired, detrimentally altered, and rendered nonfunctional Plaintiffs' properties." (Pls.' Mem. at 1.)

    c.  **Removal from State Court**

Defendant Acceptance provided insurance to Plaintiff FGNY ParentCo, LLC ("FGNY"), a Delaware limited liability company that owns and operates fourteen Five Guys locations in New York. (Notice of Removal ¶ 4.) On September 4, 2020, Acceptance removed the action to federal court, invoking the Court's diversity jurisdiction. Although the parties are not completely diverse as required by 28 U.S.C. § 1332, Acceptance contends that "[t]he citizenships of the other Plaintiffs and the other Defendants should be ignored for purposes of jurisdiction based on fraudulent or procedural misjoinder and/or fraudulent joinder."[3] (Id. ¶ 6.) Acceptance alleges that Plaintiffs have committed fraudulent misjoinder and fraudulent joinder because FGNY has no basis for recovering anything from any other Defendant Insurers and FGNY has no contract with any other Defendant Insurers and, as a result, "there are no circumstances under which FGNY could recover from any of the other Defendants." (Id. ¶ 9.) Similarly, Acceptance

---

[3] Acceptance requested that Plaintiffs provide a statement of "[t]he citizenship of FGNY's members" pursuant to Local Rule 81.1." (Notice of Removal ¶ 4.)

4

claims that no Plaintiff other than FGNY has a possibility of recovering against Acceptance, thus the citizenship of other Plaintiffs should be ignored for the purposes of diversity jurisdiction. (*Id.* ¶ 10.)

      d. **Motion to remand**

Plaintiffs move to remand the action to State Court pursuant to 28 U.S.C. § 1447(c). Plaintiffs contend that the Court lacks subject matter jurisdiction because (1) there is no complete diversity, (2) several Defendants reside in New York, and (3) not all Defendants consented to removal.[4] (Pls.' Mem. at 6–7 & n.6; Pls.' Reply in Further Supp. of Pls.' Mot. to Remand & Opp'n to Defs.' Mot. to Sever ("Pls.' Reply & Opp'n"), Docket Entry No. 151.) In further

---

[4] The following Defendants joined in and consented to removal: United Specialty Insurance Company, (Notice of Removal, Docket Entry No. 11); Lexington Insurance Company, (Notice, Docket Entry No. 14); Western World Insurance Company, (Notice, Docket Entry No. 15); Argo Managing Agency Limited, Brit Syndicates Limited, Catlin Underwriting Agencies Limited, Liberty Managing Agency Limited, Tokio Marine-Kiln Syndicates Limited, (Notice, Docket Entry No. 19); Arch Specialty Insurance Company, (Notice, Docket Entry No. 27); HDI Global Insurance Company, (Notice, Docket Entry No. 30); Arch Insurance Company, (Notice, Docket Entry No. 45); Watford Specialty Insurance Company, (Notice, Docket Entry No. 46); National Fire & Marine Insurance Company, (Notice, Docket Entry No. 52); Ohio Security Insurance Company, (Notice, Docket Entry No. 53); Liberty Mutual Fire Insurance Company, (Notice, Docket Entry No. 54); Metropolitan Property and Casualty Insurance Company, (Notice, Docket Entry No. 58); Travelers Casualty Insurance Company of America, (Notice, Docket Entry No. 59); Travelers Excess and Surplus Lines Company, (Notice, Docket Entry No. 60); The Charter Oak Fire Insurance Company, (Notice, Docket Entry No. 61); Admiral Indemnity Company, (Notice, Docket Entry No. 62); Citizens Insurance Company of America, (Notice, Docket Entry No. 66); XL Insurance America, Inc., (Notice of Removal, Docket Entry No. 71); Greenwich Insurance Company, (Notice of Removal, Docket Entry No. 72); Chubb Custom Insurance Company, Indemnity Insurance Company of North America, (Mot. for Joinder, Docket Entry No. 73); AXIS Insurance Company, (Notice, Docket Entry No. 74); First Mercury Insurance Company, (Notice, Docket Entry No. 75); Scottsdale Insurance Company, (Notice, Docket Entry No. 77); Sompo America Insurance Company, (Notice, Docket Entry No. 86); United National Insurance Company, (Notice, Docket Entry No. 89); Hartford Fire Insurance Company, (Notice of Removal, Docket Entry No. 92); Sentinel Insurance Company, Ltd., (Notice of Removal, Docket Entry No. 93); Twin City Fire Insurance Company, (Notice of Removal, Docket Entry No. 94); Seneca Insurance Company, (Notice, Docket Entry No. 109).

5

support of the motion to remand, Plaintiffs submitted two notices of supplemental authority. (First Notice of Suppl. Auth., Docket Entry No. 197; Second Notice of Suppl. Auth., Docket Entry No. 200; *see also* Defs.' Joint Resp. to Pls.' First Notice of Suppl. Auth., Docket Entry No. 198; Defs.' Joint Resp. to Pls.' Second Notice of Suppl. Auth., Docket Entry No. 202.)

Acceptance, joined by several Defendants,[5] opposes Plaintiffs' motion to remand, arguing that because the doctrines of fraudulent misjoinder and fraudulent joinder are applicable, there is complete diversity and the Court therefore has subject matter jurisdiction over the action. (Def. Acceptance's Opp'n to Mot. to Remand ("Acceptance's Opp'n"), Docket Entry No. 150.)[6]

### e. Motion to sever

Defendants Chubb Custom Insurance Company and Indemnity Insurance Company of North America move pursuant to Rule 21 of the Federal Rules of Civil Procedure to sever each

---

[5] The following Defendants join in Acceptance's Opposition to Plaintiffs' Motion to Remand: Admiral Indemnity Company; Arch Specialty Insurance Company; Arch Insurance Company; Argo Managing Agency Limited; AXIS Insurance Company; Brit Syndicates Limited; Catlin Underwriting Agencies Limited; Chubb Custom Insurance Company; First Mercury Insurance Company; Greenwich Insurance Company; Hartford Fire Insurance Company; HDI Global Insurance Company; Indemnity Insurance Company of North America; Citizens Insurance Company of America; Lexington Insurance Company; Liberty Managing Agency Limited; Liberty Mutual Fire Insurance Company; Metropolitan Property and Casualty Insurance Company; National Fire & Marine Insurance Company; Ohio Security Insurance Company; Scottsdale Insurance Company; Seneca Insurance Company; Sentinel Insurance Company, Ltd.; Sompo America Insurance Company; Tokio Marine-Kiln Syndicates Limited; Travelers Casualty Insurance Company of America, Travelers Excess and Surplus Lines Company; Twin City Fire Insurance Company; United National Insurance Company; United Specialty Insurance Company; Watford Specialty Insurance Company; Western World Insurance Company, and XL Insurance America, Inc. (*See* List of Defs.' Joining in Def. Acceptance's Opp'n to Mot. to Remand, annexed to Def. Acceptance's Opp'n to Mot. to Remand ("Acceptance's Opp'n") as Ex. A, Docket Entry No. 150-1.)

[6] Acceptance's opposition to the motion to remand was also filed at Docket Entry No. 149; however, the Court refers to the version filed at Docket Entry No. 150, which is identical except that it also includes the joining Defendants' notices of joinder as attachments.

individual Plaintiff's claim for insurance coverage against each respective insurer.[7] (Def. Chubb's Mot. to Sever, Docket Entry No. 158; Def. Chubb's Mem. in Supp. of Def.'s Mot. to Sever, Docket Entry No. 158-1; Def. Chubb's Reply in Further Supp. of Def.'s Mot. to Sever, Docket Entry No. 161.)  Plaintiffs oppose the motion to sever. (Pls.' Reply & Opp'n.)

**II. Discussion**

    **a. Standard of review**

A notice of removal must allege a proper basis for removal under 28 U.S.C. §§ 1441–1445. *See Agyin v. Razmzan*, 986 F.3d 168, 181 (2d Cir. 2021) ("[In] determining whether jurisdiction is proper, we look only to the jurisdictional facts alleged in the Notices of Removal." (quoting *California v. Atl. Richfield Co. (In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.)*, 488 F.3d 112, 124 (2d Cir. 2007))); *New York v. Dickerson*, No. 20-CR-208, 2020 WL 3263771, at *1 (E.D.N.Y. June 16, 2020) ("An effective petition for the removal of a state action to federal court must allege a proper basis for the removal under sections 1441 through 1445 of Title 28." (quoting *Negron v. New York*, No. 02-CV-1688, 2002 WL 1268001, at *1 (E.D.N.Y. Apr. 1, 2002))). A defendant may remove a civil action brought in state court to a federal court in "any

---

[7] The following Defendants join in the motion to sever: Acceptance Indemnity Insurance Company; Arch Insurance Company; Arch Specialty Insurance Company; Argo Managing Agency Limited; AXIS Insurance Company; Brit Syndicates Limited; Catlin Underwriting Agencies Limited; Citizens Insurance Company of America; First Mercury Insurance Company; Greenwich Insurance Company; Hartford Fire Insurance Company; HDI Global Insurance Company; Lexington Insurance Company; Liberty Managing Agency Limited; Liberty Mutual Fire Insurance Company; National Fire & Marine Insurance Company; Ohio Security Insurance Company; Seneca Insurance Company; Sentinel Insurance Company, Ltd.; Sompo America Insurance Company; Scottsdale Insurance Company; Tokio Marine-Kiln Syndicates Limited; Twin City Fire Insurance Company; United National Insurance Company; United Specialty Insurance Company; Watford Specialty Insurance Company; Western World Insurance Company; and XL Insurance America, Inc. (*See* List of Defs. Joining in Def. Chubb's Mot. to Sever, annexed to Chubb's Letter to Counsel re Mot. to Sever as Ex. A, Docket Entry No. 111-1.)

civil action . . . of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Federal courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different States." *Id.* § 1332(a); *Brown v. Eli Lilly & Co.*, 654 F.3d 347, 356 (2d Cir.2011) ("To remove a case based on diversity jurisdiction, the diverse defendant must aver that all of the requirements of diversity jurisdiction have been met." (citing 28 U.S.C. § 1446(a))).

"[I]n light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability." *Platinum-Montaur Life Scis., LLC v. Navidea Biopharmaceuticals, Inc.*, 943 F.3d 613, 617 (2d Cir. 2019) (quoting *Somlyo v. J. Lu-Rob Enters., Inc.*, 932 F.2d 1043, 1045–46 (2d Cir. 1991), *superseded by rule on other grounds as recognized by Contino v. United States*, 535 F.3d 124, 127 (2d Cir. 2008)); *see also Keene Corp. v. United States*, 508 U.S. 200, 207 (1993). "Although there is a presumption that the court has jurisdiction when the matter is brought in federal court in the first instance, '[a] defendant removing a case to federal court encounters instead the general principle that removal is disfavored and remand favored.'" *Utica Mut. Ins. Co. v. Am. Re-Ins. Co.*, No. 14-CV-1558, 2015 WL 1897155, at *3 (N.D.N.Y. Apr. 27, 2015) (alteration in original) (quoting *Pollock v. Trustmark Ins. Co.*, 367 F. Supp. 2d 293, 296–97 (E.D.N.Y. 2005)); *see also Lupo v. Hum. Affs., Int'l, Inc.*, 28 F.3d 269, 274 (2d Cir. 1994) ("The right to remove a state court action to federal court on diversity grounds is statutory, and must therefore be invoked in strict conformity with statutory requirements." (citation omitted) (quoting *Somlyo*, 932 F.2d at 1045–46)).

The party seeking removal bears the burden of proving that the jurisdictional and procedural requirements have been met. *Vermont v. MPHJ Tech. Invs., LLC*, 803 F.3d 635, 647

8

(2d Cir. 2015) ("Where, as here, the defendant asserts federal jurisdiction in a removal petition, the defendant has the burden of establishing that removal is proper."); *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 57 (2d Cir. 2006) ("It is well-settled that the party asserting federal jurisdiction bears the burden of establishing jurisdiction."); *Sabino v. Otis Elevator Co.*, No. 21-CV-3754, 2021 WL 2892077, at *2 (E.D.N.Y. July 9, 2021) (quoting *United Food & Com. Workers Union, Loc. 919 v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) ("Where . . . jurisdiction is asserted by a defendant in a removal petition, it follows that the defendant has the burden of establishing that removal is proper.").

    **b. The Court lacks diversity jurisdiction**

Acknowledging the facial lack of diversity, Defendant Acceptance alleges that Plaintiffs (1) committed fraudulent misjoinder by joining ninety-four Plaintiffs against forty-two Defendants arising out of sixty-two insurance policies, where "claims arise out of separate transactions and no common question of law or fact would arise," and (2) committed fraudulent joinder by fraudulently joining parties to destroy diversity. (Acceptance's Opp'n at 7, 12–17, 21.) In support, Defendant Acceptance contends that Plaintiffs do not satisfy permissive joinder because their claims do not "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences" or share "any common question of law or fact." N.Y. C.P.L.R. 1002(a). (Acceptance's Opp'n at 12.) Acceptance argues that the insurance liability claims asserted against Defendant Insurers are improperly joined because each of Plaintiffs' policies are factually and legally distinct; each Plaintiff entered into a distinct policy with only one of the Defendants; and "[t]hose transactions occurred at different times in different places between different insurance companies and different policyholders." (*Id.* at 13–14.) Accordingly, Acceptance contends that each of Plaintiffs' individual claims should be severed against each

9

individual Defendant Insurer, and the Court should retain jurisdiction over each Plaintiff's particular claim. (*Id.* at 1, 10–13.)

Plaintiffs argue that their claims were properly joined under New York law because their "claims arise out of a common series of transactions and occurrences — namely, the issuance of executive orders that detrimentally altered and physically impaired the functionality of their premises — and raise a common question of law — namely whether such orders caused direct physical loss or damage to Plaintiffs' insured properties under industry-standard policy terms common to all Policies purchased by Plaintiffs." (Pls.' Mem. at 4.) Plaintiffs also argue that fraudulent joinder is inapplicable "because it is uncontested that the non-diverse Defendants have viable claims pled against them. (*Id.* at 22.) In support, Plaintiffs contend that Defendants have not attempted to argue (1) that there is "outright fraud" in the pleadings or (2) that there is "no possibility" that the parties are properly joined. (*Id.*) Plaintiffs contend that the Court does not have jurisdiction over this case and thus severance would be improper. (*Id.* at 18–20.)

Generally, where complete diversity is not apparent on the face of a removal complaint, the court cannot exercise jurisdiction. *See Lupo*, 28 F.3d at 274 ("In light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability." (quoting *Somlyo*, 932 F.2d at 1045–46)). Several courts have held that fraudulent misjoinder and fraudulent joinder are judicially created exceptions to the complete diversity removal requirement and would allow a court to sever the non-diverse parties, retaining jurisdiction over the diverse parties. *See Bounds v. Pine Belt Mental Health Care Res.*, 593 F.3d 209, 215 (2d Cir. 2010) (explaining that the doctrine of fraudulent joinder prohibits a plaintiff from defeating diversity jurisdiction by improperly joining

10

a nondiverse defendant "with no real connection to the controversy"); *see also Massey v. Cecil*, No. 19-CV-49, 2019 WL 1780139, at *4 (N.D.N.Y. Apr. 23, 2019) (assuming the applicability of the doctrine of fraudulent misjoinder in the Second Circuit); *Nolan v. Olean Gen. Hosp.*, No. 13-CV-333, 2013 WL 3475475, at *3 (W.D.N.Y. July 10, 2013) ("Fraudulent misjoinder occurs when a plaintiff purposefully attempts to defeat removal by joining together claims against two or more defendants where the presence of one would defeat removal and where in reality there is no sufficient factual nexus among the claims to satisfy the permissive joinder standard." (quoting *Fed. Ins. Co. v. Tyco Int'l Ltd.*, 422 F. Supp. 2d 357, 378 (S.D.N.Y.2006))); *Keune v. Merck & Co. (In re Propecia (Finasteride) Prod. Liab. Litig.*), No. 12-CV-2049, 2013 U.S. Dist. LEXIS 117375, at *34 (E.D.N.Y. May 17, 2013) (explaining that "[i]n the fraudulent *misjoinder* situation, . . . a diverse defendant argues that a plaintiff has added claims to the complaint — either claims by other non-diverse plaintiffs or claims against other non-diverse defendants — which, although perhaps valid, are nevertheless not properly joined under the applicable permissive joinder rules"), *report and recommendation adopted by* 2013 U.S. Dist. LEXIS 118155 (E.D.N.Y. June 6, 2013); *Humphrey v. Riley*, No. 14-CV-80, 2014 WL 3400964, at *3 (N.D.N.Y. July 10, 2014) ("[A]ssuming, without deciding, that fraudulent misjoinder is a potential exception to the complete diversity rule."); *In re Fosamax Prods. Liab. Litig.*, No. 06-MD-1289, 2008 WL 2940560, at *4 (S.D.N.Y. July 29, 2008) (recognizing that "fraudulent misjoinder occurs when a plaintiff attempts to defeat removal by misjoining the unrelated claims of non-diverse parties").

### i. Fraudulent misjoinder

The doctrine of fraudulent misjoinder derives from Eleventh Circuit case *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353 (11th Cir. 1996), *abrogated on other grounds by Cohen v.*

*Office Depot, Inc.*, 204 F.3d 1069, 1072 (11th Cir. 2000),[8] and "occurs when a plaintiff attempts to defeat removal by misjoining the unrelated claims of non-diverse parties." *In re Fosamax Prod. Liab. Litig.*, 2008 WL 2940560, at *4. "In other words, the claims asserted by or against the non-diverse party who is joined lack a sufficient factual nexus to the case to support joinder under applicable rules of procedure." *Id.* (citing 14B Charles A. Wright et al., Federal Practice and Procedure § 3723); *A. Kraus & Son v. Benjamin Moore & Co.*, No. 05-CV-5487, 2006 WL 1582193, at *5 (E.D.N.Y. June 7, 2006) ("[T]he rule of 'fraudulent misjoinder' is aimed at efforts 'to defeat removal by joining together claims against two or more defendants where the presence of one would defeat removal and where in reality there is no sufficient factual nexus among the claims to satisfy the permissive joinder standard.'" (quoting *Federal Ins. Co.*, 422 F. Supp. 2d at 378)). The *Tapscott* court warned that "not all instances of misjoinder are 'fraudulent,' and the court should only retain jurisdiction where the misjoinder is found to be 'egregious.'"[9] *Id.* (quoting *Tapscott*, 77 F.3d at 1360); *In re Fosamax Prod. Liab. Litig.*, 2008

---

[8] "In *Tapscott*, the plaintiffs joined two different groups of defendants and made no allegation of joint liability or conspiracy against them. They also did not dispute that the claims against these defendants were misjoined — they argued instead that a misjoinder, no matter how egregious, was not fraudulent." *In re Propecia (Finasteride) Prod. Liab. Litig.*, No. 12-CV-2049, 2013 U.S. Dist. LEXIS 117375, at *34 (E.D.N.Y. May 17, 2013). "The court disagreed, holding that '[a] defendant's right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy' even if certain plaintiffs have colorable claims against that defendant." *Id.* This reasoning has also been applied to the misjoinder of plaintiffs. *See id.* (citing *In re Diet Drugs*, No. 98-CV-20478, 1999 WL 554584, at *2–3 (E.D. Pa. July 16, 1999)).

[9] Acceptance cites *In re Rezulin Products Liability Litigation*, 168 F. Supp. 2d 136 (S.D.N.Y. 2001), to argue that fraudulent misjoinder does not require a finding of egregiousness. (Acceptance's Opp'n at 17.) In *Rezulin*, the court held that the appropriate standard for determining whether to apply the doctrine of fraudulent misjoinder was whether the parties were misjoined in accordance with the provisions of Rule 20(a) of the Federal Rules of Civil Procedure, applying an ordinary misjoinder standard. However, while courts in the Eastern and Southern Districts of New York have recognized the doctrine of fraudulent misjoinder, the

WL 2940560, at *8 (applying egregiousness standard to determine if the plaintiffs' claims were fraudulently misjoined).

Courts "evaluate claims of fraudulent misjoinder by applying the relevant state law rule for permissive joinder rather than the federal rule." *Sons of the Revolution in N.Y., Inc. v. Travelers Indem. Co. of Am.*, No. 14-CV-3303, 2014 WL 7004033, at *3 (S.D.N.Y. Dec. 11, 2014); *In re Fosamax Prod. Liab. Litig.*, 2008 WL 2940560, at *4 ("[B]ecause this inquiry looks to whether the non-diverse party was misjoined in state court before removal, the majority of cases have held that state rather than federal joinder rules apply."). The New York rule of civil procedure governing permissive joinder permits joinder of defendants "against whom there is asserted any right to relief jointly, severally, or in the alternative, arising out of the same transaction, occurrence, or series of transactions or occurrences" if "any common question of law or fact would arise." N.Y. C.P.L.R. § 1002(b); *see also Leone v. Bd. of Assessors*, 953 N.Y.S.2d 157, 159 (App. Div. 2012) ("CPLR 1002 provides, in pertinent part, that persons 'who assert any right to relief jointly . . . arising out of the same transaction, occurrence, or series of transactions

---

Second Circuit has not adopted the doctrine, and the district courts that have considered the doctrine have reached varying conclusions on its application. *Compare In re Rezulin*, 168 F. Supp. 2d at 147–48 (determining that the appropriate standard for determining whether to apply the doctrine of fraudulent misjoinder was the determination of whether the parties were misjoined in accordance with the provisions of Fed. R. Civ. P. 20(a), applying an ordinary misjoinder standard), *with Nolan v. Olean Gen. Hosp.*, No. 13-CV-333, 2013 WL 3475475, at *3 (W.D.N.Y. July 10, 2013) (requiring more than the ordinary misjoinder standard and determining that the fraudulent misjoinder doctrine requires claims to be "'egregiously' misjoined"), *and Tapscott*, 77 F.3d at 1360 (stating that not every misjoinder constitutes fraudulent misjoinder; only the attempts to join parties that are "so egregious as to constitute fraudulent joinder" will qualify). In the absence of any clear standard as to how to apply the fraudulent misjoinder doctrine and given the general principle that federal courts are courts of limited jurisdiction and removal is disfavored, for the purposes of this analysis the Court applies the egregious standard. *See Tapscott*, 77 F.3d at 1360.

13

or occurrences, may join in one action as plaintiffs if any common question of law or fact would arise'" (quoting N.Y. C.P.L.R. § 1002(a))). New York courts have found that even where there are claims that "relate to separate accidents and individuals," they may be joined when they "arise out of a uniform contract of insurance and involve the interpretation of the same . . . provisions." *Hempstead Gen. Hosp. v. Liberty Mut. Ins. Co.*, 521 N.Y.S.2d 469, 470 (App. Div. 1987); *see Leone*, 953 N.Y.S.2d at 159 (recognizing that under New York's joinder law, the plaintiffs' challenge of separate real estate assessments that made the same erroneous conclusion raised "common issues of law and fact"); *see also Sons of the Revolution*, 2014 WL 7004033, at *4 (determining that the plaintiff's claims were properly joined under New York law where the same occurrence — the plaintiff's loss of utility service during Hurricane Sandy — created a "factual overlap [that] is sufficient to satisfy the requirement of 'any common question of law or fact' and defeat[] the claim of fraudulent misjoinder"); *Kips Bay Endoscopy Ctr., PLLC v. Travelers Indem. Co.*, No. 14-CV-7153, 2015 WL 4508739, at *5 (S.D.N.Y. July 24, 2015) (finding that because insurance policies purportedly insured plaintiffs against the very risks that occurred and claims arise out of the same occurrence — utility loss during Hurricane Sandy — parties were properly joined under New York law).

This action raises common questions of fact and law. As to the common facts, each of Plaintiffs' businesses was allegedly burdened by and suffered losses from the Shutdown Executive Orders. *See Massey*, 2019 WL 1780139, at *4 (finding that fraudulent misjoinder was inapplicable where determination of liability for claims was necessarily dependent on the same questions of fact surrounding the installation of improperly sized components during the plaintiff's hip replacement surgery). In addition, each Plaintiff maintained an all-risk insurance policy from at least one of the Defendant Insurers and faced "blanket denials of coverage based

14

on Plaintiffs' purported failure to satisfy the industry-standard language common to all of their policies." (Pls.' Reply & Opp'n at 17–18); *see Sons of the Revolution*, 2014 WL 7004033, at *4 (finding that the plaintiff's claims against separate defendants rose out of the same occurrence — the plaintiff's loss of utility service during Hurricane Sandy — and, as a result, had a substantial possibility of duplicative discovery). In addition, each claim requires a court to determine if Plaintiffs' losses arise out of an incident excluded under the substantially similar language of their respective all-risk insurance policies. *See In re Propecia (Finasteride) Prod. Liab. Litig.*, No. 12-MD-2331, 2016 WL 3541543, at *3 (E.D.N.Y. June 23, 2016) (recognizing that "it is perfectly proper for a plaintiff to join parties if there is 'any' common question of law or fact" and therefore "while it is well-established that the right to removal is narrowly construed, the right to joinder of parties is not"); *Kips Bay*, 2015 WL 4508739, at *5 (S.D.N.Y. July 24, 2015) (finding no fraudulent misjoinder and denying insurers' motion to sever where the plaintiffs' causes of action arise from the same occurrence — the plaintiffs' losses during Hurricane Sandy — and the insurers' reasons for denying coverage are alleged to be the same — that the plaintiffs' losses arise out of a situation excluded under their policies); *A. Kraus & Son*, 2006 WL 1582193, at *5–6 (remanding action where the plaintiff maintained different non-disclosure agreements with various defendants but all breaches of respective agreements related back to ongoing negotiations to sell the plaintiff's business).

Because Plaintiffs' claims against Defendant Insurers arise out of the same occurrence and raise common questions of fact and law, the Court cannot conclude that they were misjoined under New York State's permissive joinder rules.

### ii. Fraudulent joinder

The doctrine of fraudulent joinder permits courts to overlook the presence of non-diverse defendants if they were fraudulently joined in an effort to defeat federal jurisdiction. *See Bounds*, 593 F.3d at 215 (explaining that the doctrine of fraudulent joinder prohibits a plaintiff from defeating diversity jurisdiction by improperly joining a nondiverse defendant "with no real connection to the controversy"). To establish that a party has been fraudulently joined, the party asserting jurisdiction must demonstrate, by clear and convincing evidence, either (1) "outright fraud" in the plaintiff's pleadings or (2) that there is "no possibility, based on the pleadings, that a plaintiff can state a cause of action against the non-diverse defendant in state court." *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 461 (2d Cir. 1998); *see also Bounds*, 593 F.3d at 215; *B.N. ex rel. Novick v. Bnei Levi, Inc.*, No. 12-CV-5057, 2013 WL 168698, at *2 (E.D.N.Y. Jan. 15, 2013); *Gerbo v. Kmart Corp.*, No. 14-CV-4866, 2015 WL 6691603, at *2 (E.D.N.Y. Nov. 3, 2015) ("A defendant must establish by clear and convincing evidence that a plaintiff's pleadings contain some false set of facts in order to prove fraud in the pleadings" (citing *Bnei Levi*, 2013 WL 168698, at *3)).

In a similar action, the Northern District of Illinois recently rejected arguments of fraudulent joinder and granted a motion to remand the action to state court where the defendants argued that claims and parties were improperly joined to defeat complete diversity. (*See* Order at *5, *Lettuce Entertain You Enters. v. Emps.' Ins. Co. of Wausau*, No. 20-CV-5140 (N.D. Ill. June 2, 2021), annexed to Second Notice of Suppl. Auth. as Ex. A, Docket Entry No. 200-1.) In *Lettuce Entertain You Enterprises*, forty-three plaintiffs brought a single lawsuit in Illinois state court against eighteen insurance companies — that collectively insured the various plaintiffs — for coverage of losses incurred due to the State of Illinois' COVID-19 shutdown orders. (*Id.* at

16

\*1–2.) The defendants removed the case to federal court, claiming that although on the face of the complaint the parties were not completely diverse, lack of complete diversity was due to fraudulent joinder and fraudulent misjoinder. (*Id.* at 2.) The plaintiffs moved to remand the action to state court. (*Id.*) The district court denied the defendants' claims of fraudulent joinder because they did not allege any fraud in the jurisdictional facts and the court found that "any [p]laintiff ha[d] a viable claim against any non-diverse [d]efendant."[10] (*Id.* at 3.)

Similar to the facts in *Lettuce Entertain You Enterprises*, the moving Defendants have not sufficiently shown fraudulent joinder. Defendant Acceptance has not alleged "outright fraud" in Plaintiffs' pleadings. Nor has Acceptance shown that, based on the pleadings, there is "no possibility" that Plaintiffs "can state a cause of action against the non-diverse defendant[s] in state court." *Pampillonia*, 138 F.3d at 461. Acceptance instead argues that Plaintiffs' claims are fraudulently joined because only one of the many Plaintiffs is alleged to have a viable claim against Acceptance. However, without demonstrating outright fraud and that Plaintiffs' actions against other Defendant Insurers are "entirely impossible," Acceptance cannot establish fraudulent joinder. *Rosenfeld v. Lincoln Life Ins. Co.*, 239 F. Supp. 3d 636, 639 (E.D.N.Y. 2017) (remanding case because, although allegations in the complaint were contrary to the plaintiff's deposition testimony, the defendant failed to demonstrate outright fraud or that the plaintiff's action was entirely impossible because there had been no findings that the plaintiff's case should be dismissed and the issue had not been briefed); *Gerbo*, 2015 WL 6691603, at \*3–4 (remanding case because the defendants did not show that the allegations in the complaint against the

---

[10] The court also declined to apply the fraudulent misjoinder doctrine, recognizing that whether viable state-law claims have been misjoined is a matter to be resolved by the state court. (Order at 5, *Lettuce Entertain You Enters. v. Emps.' Ins. Co. of Wausau*, No. 20-CV-5140 (N.D. Ill. June 2, 2021), annexed to Second Notice of Suppl. Auth. as Ex. A, Docket Entry No. 200-1.)

non-diverse defendant were fraudulent and the defendants failed to show that the plaintiff could not state a cause of action against the non-diverse defendant in state court); *Bnei Levi*, 2013 WL 168698, at *4 (remanding case because the "defendants' assertions contradicting the allegations in the complaint merely create a question of fact and do not rise to the level of clear and convincing evidence of fraudulent joinder").

### c. Motions to sever

The Court has no jurisdiction over this action and therefore cannot decide the motions to sever by Defendants Chubb Custom Insurance Company and Indemnity Insurance Company of North America, seeking to sever the action against them from the action against other Defendant Insurers.

Rule 21 of the Federal Rules of Civil Procedure provides, in pertinent part, that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21; *see also Chartwell Therapeutics Licensing, LLC v. Citron Pharma LLC*, No. 16-CV-3181, 2020 WL 7042642, at *6 (E.D.N.Y. Nov. 30, 2020) ("Federal Rule of Civil Procedure 21 states that a court may 'sever any claim against a party.'" (quoting Fed. R. Civ. P. 21)); *CP Sols. PTE, Ltd. v. Gen. Elec. Co.*, 553 F.3d 156, 159 (2d Cir. 2009) (per curiam) ("[Rule 21] allows a court to drop a nondiverse party at any time to preserve diversity jurisdiction, provided the nondiverse party is not 'indispensable' under Rule 19(b)." (citation omitted) (first citing *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 832 (1989); and then citing *Curley v. Brignoli, Curley & Roberts Assocs.*, 915 F.2d 81, 89 (2d Cir. 1990))). "While Rule 21 is routinely employed in cases that *began* in federal court, the '[f]ederal courts have frowned on using the Rule 21 severance vehicle to conjure removal jurisdiction that would otherwise be absent.'" *Sons of the Revolution*, 2014 WL 7004033, at *2 (alteration in original) (quoting *Brown v. Endo Pharm., Inc.*, No. 14-CV-207, 2014 WL

18

3864626, at *7 (S.D. Ala. Aug. 5, 2014)); *see Mancinone v. Allstate Ins. Co.*, No. 20-CV-82, 2020 WL 5709675, at *6 n.6 (D. Conn. Sept. 24, 2020) (recognizing that courts in the Second Circuit have "expressed reticence at circumventing the removal statute's strictures to broaden the reach of federal diversity jurisdiction"); *see also Labrecque v. Johnson & Johnson*, No. 15-CV-1141, 2015 WL 5824724, at *2 (D. Conn. Oct. 2, 2015) (declining to preserve subject matter jurisdiction by severing non-diverse parties, citing the "unique jurisdictional concerns" presented in the context of cases removed to federal court); *accord Nolan*, 2013 WL 3475475, at *7–8 (declining to create subject matter jurisdiction by severing non-diverse parties, recognizing the "misuse of Federal Rule 21" to create jurisdiction when an action is removed from state court); *Kips Bay*, 2015 WL 4508739, at *4 (same).

Because the Court lacks jurisdiction over the action, the Court declines to address the merits of Defendants' motions to sever. *See Nolan*, 2013 WL 3475475, at *8 (refusing to decide a Rule 21 motion to sever actions and create jurisdiction after removal because "Rule 82 precludes the use of Rule 21 to create jurisdiction through severance of non-diverse parties"). If on remand the State Court determines that Plaintiffs' claims should not have been joined under its permissive joinder rules, the State Court can sever the claims, and any individual Defendant Insurer can evaluate whether it meets the removal requirements.

### III. Conclusion

For the reasons stated above, the Court grants Plaintiffs' motion and remands the action to the State Court.

Dated: November 15, 2021
       Brooklyn, New York

                                      SO ORDERED:

                                      _____s/ MKB_____
                                      MARGO K. BRODIE
                                      United States District Judge